## UNITED STATES v. LAM.

District Court, W. D. Kentucky. October 21, 1927.

1. Internal revenue ⟢25—Deficiency assessments, levied after dissolution of corporation, held valid, where taxes accrued prior thereto (Ky. St. § 561).

Deficiency assessments of income and excess profits taxes were not void, because the corporation had dissolved and gone out of business prior to assessments, where the taxes had accrued before dissolution, in view of Ky. St. § 561.

2. Internal revenue ⟢28(2)—Assessment by proper administrative officer is prima facie correct.

An assessment made by the proper administrative officer is prima facie correct, as against the taxpayer against whom the assessment is made.

3. Internal revenue ⟢28(2)—Deficiency assessments are prima facie correct, in action against corporation for additional income and excess profits taxes.

In an action against a corporation for additional income and excess profits taxes, deficiency assessments made by Commissioner would be prima facie correct, and the burden would be on the corporation to establish that they are incorrect.

4. Corporations ⟢174—Generally stockholder is bound by proceedings to which corporation is party.

Generally a stockholder is such an integral part of the corporation that he, in view of the law, is privy to the proceedings touching the body of which he is a member, and is bound by such proceedings, though not himself a party thereto, unless proceedings against the corporation are void for want of jurisdiction over the subject-matter or over the corporation itself.

5. Internal revenue ⟢28(2)—Government, suing stockholder for additional taxes assessed against the corporation after dissolution, had burden of showing stockholder's liability under trust fund doctrine.

In action by the United States for additional income and excess profits taxes against stockholder, after dissolution of corporation, based on trust fund doctrine, the government has the burden of showing that the stockholder had received property from the corporation, which under such doctrine should be applied to the payment of the taxes assessed against the corporation.

6. Internal revenue ⟢28(2)—Evidence held insufficient to prove that stockholder, being sued for taxes assessed against corporation after its dissolution, had received corporation's property, making him liable under trust fund doctrine.

In suit by government for additional income and excess profits taxes assessed against corporation stockholder after dissolution of corporation, based on trust fund doctrine, evidence *held* insufficient to prove that defendant stockholder had received property from the corporation, which under such doctrine should be applied to the payment of taxes assessed against the corporation.

In Equity. Suit by the United States against J. W. Lam. Decree of dismissal.

This is a suit in equity by the United States of America against J. W. Lam, the defendant, to recover from him, as a stockholder of the Hillside Coal Company, certain additional income and excess profits taxes assessed against the Hillside Coal Company for the years 1916, 1917, and 1918. The Hillside Coal Company was a Kentucky corporation, and had dissolved under the laws of that state after the alleged taxes had accrued, but before they were assessed. The suit is based upon the trust fund doctrine, it being claimed that Lam, a stockholder of the Hillside Coal Company, received from the corporation upon its dissolution property of a value in excess of the taxes sought to be recovered from him.

The Hillside Coal Company was organized as a Kentucky corporation on June 10, 1911. The defendant, Lam, shortly after the organization of the company, conveyed to it certain boundaries of coal lands in Muhlenberg county, Kentucky, together with cer-

tain mining equipment, commissary building, and mining houses located on the property conveyed. The consideration paid Lam by the company was $100,000 in bonds of the corporation, secured by a first mortgage on the property conveyed, and $25,000 of the capital stock of the corporation. Lam owned practically all of the stock of the corporation.

On April 17, 1918, the Hillside Coal Company sold and conveyed a portion of its property to the Liberty Coal Mining Company for $3,500 cash. Lam joined the Hillside Coal Company in this conveyance, and it is specifically recited therein that the $100,000 first mortgage bonds had been fully paid, satisfied, and canceled, and the deed further recites that Lam "joins in this conveyance for the purpose of warranting title."

On December 31, 1918, the Hillside Coal Company sold some of its property to the Oakland Coal Company for $90,000, $30,000 of which was paid in cash, and the balance of $60,000 was represented by deferred purchase-money notes, secured by a lien upon the property conveyed. These notes were assigned to the defendant. On the same date the Hillside Coal Company sold to the Saulsberg Coal Company the remainder of its property for $5,000 in cash and $50,000 in deferred purchase-money notes, secured by a lien upon the property conveyed. These notes were also assigned to the defendant. Immediately following these transactions the Hillside Coal Company commenced to close out its business, and shortly thereafter was dissolved under the laws of Kentucky.

The defendant claims, and this is not contradicted, except by the recitations in the deed to the Liberty Coal Mining Company heretofore referred to, that he was still the owner of the $100,000 in bonds at the time the Hillside Coal Company's property was sold in December, 1918, and that the notes heretofore referred to were assigned to him in consideration of the surrender and cancellation of the bonds.

W. S. Ball, of Louisville, Ky., and T. J. Sparks, of Greenville, Ky., for the United States.

Chester A. Bennett, of Washington, D. C., for J. W. Lam.

DAWSON, District Judge (after stating the facts as above). [1] I cannot agree with the contention of the defendant that the deficiency assessments made by the Commissioner against the Hillside Coal Company were void, because that corporation had dissolved and gone out of business prior to the assessments. The Hillside Coal Company

was organized under the laws of Kentucky. Section 561 of Kentucky Statutes provides that, after the charter of a Kentucky corporation has expired, or after it has gone out of business by the voluntary act of its stockholders, it may thereafter continue to act as a corporation for the purpose of closing up its business. This undoubtedly gives to the corporation the right to sue in its corporate name to collect accounts due it, and to do other acts in its corporate name, looking alone to the closing up of its business. Likewise this section undoubtedly was intended to give to creditors of a corporation the right, within a reasonable time after its dissolution, to liquidate claims against it, based on business transactions which took place and liabilities which arose during its corporate existence. It is true that the Court of Appeals of Kentucky has held that, ordinarily, two years is a reasonable time for a corporation to wind up its business under section 561; but this is no hard and fast rule, and certainly cannot be applied against the government to prevent the assessment of taxes which the corporation should have paid, provided the assessment is made before proceedings to collect the taxes are barred by limitation. I am satisfied that the deficiency assessments made by the Commissioner in this case are not void. [2-4] Nor do I think there is anything in the contention of the defendant that the assessments made against the Hillside Coal Company cannot be accepted as prima facie correct as against the defendant in this action. It is too well settled to need citation of authority that an assessment made by the proper administrative officer is prima facie correct as against the taxpayer against whom the assessment is made. Therefore, if the Hillside Coal Company were being sued in this case, the deficiency assessments made by the Commissioner would be prima facie correct, and the burden would be upon the Coal Company to establish that they are incorrect. It is the general rule that a stockholder is such an integral part of the corporation that he, in view of the law, is privy to the proceedings touching the body of which he is a member, and is bound by such proceedings, even though he himself is not a party thereto, unless such proceedings against the corporation are void because of want of jurisdiction over the subject-matter or over the corporation itself. Compare Sanger v. Upton, Assignee, 91 U. S. 56, 23 L. Ed. 220; Hawkins v. Glenn, 131 U. S. 319, 9 S. Ct. 739, 33 L. Ed. 184; Selig v. Hamilton, 234 U. S. 654, 34 S. Ct. 926, 58 L. Ed. 1518; Coe v. Armour Fertilizer Works, 237 U. S. 413,

35 S. Ct. .625, 59 L. Ed. 1027; Marin v. Augedahl, 247 U. S. 142, 38 S. Ct. 452, 62 L. Ed. 1038.

[5, 6] I am therefore of the opinion that the deficiency assessments made by the Commissioner against the Hillside Coal Company must be accepted as prima facie correct in this action to collect the taxes so assessed from the defendant. The burden is upon the defendant to show that the deficiency assessments are incorrect. I do not think the defendant has sustained that burden. The burden is on the plaintiff, however, to show that the defendant, as a stockholder, received property from the Hillside Coal Company, which, under the trust fund doctrine, should be applied to the payment of the taxes assessed against the Hillside Coal Company. I do not think the plaintiff has sustained this burden.

The proof in this case shows that, when the Hillside Coal Company sold its properties to the Liberty Coal Mining Company, the Oakland Coal Company, and the Saulsberg Coal Company, it received $38,500 in cash and $110,000 in notes, secured by a lien on the property sold. The plaintiff charges that the defendant, Lam, upon the dissolution of the Hillside Coal Company, as a stockholder of that company, received the benefit of the $38,500 in cash received by it in the sale of its properties, but Lam swears to the contrary. He says the money was expended in paying the debts of the Hillside Coal Company. The burden is on the government to prove that Lam received this $38,500 as a stockholder of the corporation. It has wholly failed to sustain this burden.

The government contends that the $110,000 in notes were turned over to Lam as a stockholder of the corporation upon its dissolution. Lam contends that these notes were turned over to him as a creditor of the corporation, in satisfaction of the amount due him on account of $100,000 of bonds of the Hillside Coal Company owned by him and $40,000 interest on these bonds. If these notes were not received by Lam as a stockholder, as his part of the corporate assets of the Hillside Coal Company upon its dissolution, but were paid to him in satisfaction of the lien debt which he claims he held against that corporation, their receipt by Lam would create no liability on his part for any part of the taxes assessed against the Hillside Coal Company.

The government contends that, at the time the Hillside Coal Company dissolved and Lam received the $110,000 in notes, the Hillside Coal Company was not indebted to him for the $100,000 of bonds and interest thereon, or, if it was so indebted, Lam is estopped to assert such indebtedness because of the recitals in the deed from the Hillside Coal Company and J. W. Lam to the Liberty Coal Mining Company, to the effect that said bonds had already been fully paid and satisfied.

I do not think the doctrine of estoppel by deed has any application, because the government was not privy to this instrument. The recitals in the deed, however, are some evidence in support of the claim of the government 'that the bonds had actually been satisfied prior to the sale of the Hillside Coal Company's property. Lam himself swears positively that the bonds had not been satisfied. If this were the only testimony in the case on that subject, I would be inclined to accept as true the statements in the deed; but the testimony of Mr. Lam is corroborated by Mr. Hubert Meredith, secretary of the Hillside Coal Company, whom I have known personally for many years, and in whose word I have implicit faith. I think it is clear from the testimony as a whole that, when the Hillside Coal Company commenced to sell its property to the Liberty Coal Mining Company, the Oakland Coal Company, and the Saulsberg Coal Company, it was agreed that Lam should surrender his bonds and cancel them, and receive in exchange therefor the notes which the purchasing companies were to execute.

In view of the fact that Lam was practically the sole stockholder of the Hillside Coal Company, I do not attach any particular importance to the fact that he was willing to and did acknowledge of record that the bonds had been satisfied before he received the notes executed by the purchasing companies. He was at all times in position, because of his control of the Hillside Coal Company, to fully protect his interests. At any rate, I think the government has failed to satisfactorily sustain the burden of proving that these notes were received by Lam as a stockholder in satisfaction of his interest in the corporate assets of the Hillside Coal Company upon its dissolution.

A decree will therefore be entered, dismissing the bill.