SELIG *v.* HAMILTON, RECEIVER OF EVANS, JOHNSON, SLOANE COMPANY.

ERROR TO THE DISTRICT COURT OF THE UNITED STATES FOR THE SOUTHERN DISTRICT OF NEW YORK.

No. 361. Argued May 6, 1914.—Decided June 22, 1914.

The legislation of Minnesota with respect to the liability of stockholders, as construed by the courts of that State, has heretofore been reviewed and its constitutional validity upheld by this court in *Bernheimer* v. *Converse*, 206 U. S. 516, and *Converse* v. *Hamilton*, 224 U. S. 243.

A stockholder cannot, under the statutes of Minnesota, even by a *bona fide* transfer of his stock, escape liability for debts of the corporation theretofore incurred.

Bankruptcy proceedings against a Minnesota corporation do not stand in the way of a resort to the statutory method of enforcing the liability of a stockholder which is not a corporate asset.

Congress has not yet undertaken to provide that a discharge in bankruptcy of a corporation shall release the stockholders from liability.

A foreign stockholder of a Minnesota corporation is not concluded by an order of the state court in sequestration proceedings under the statute, and in which he was served only by publication without the State, as to any matter relating to his being a stockholder or as to other personal defense.

When his ownership of the stock ceases, a stockholder in a Minnesota corporation ceases to be liable for debts of the corporation thereafter incurred, although liable for debts previously incurred.

Under the state statute, the Minnesota court, in a proceeding to assess stockholders for liability, may assess persons who previously were stockholders for liability for debts incurred during the period they owned the stock.

While a stockholder not personally served may urge his personal defenses in a suit to recover the assessment made in sequestration proceedings of an insolvent Minnesota corporation, he may not reopen the amount of the assessment or the question of the necessity therefor.

What the Minnesota court determines as to the nature of the assessment and its application to present and former stockholders must be ascertained from the order itself.

Whether a former stockholder is ratably or otherwise liable with present stockholders is not a question which goes to the jurisdiction of the Minnesota court making the order, but a question to be submitted for correction, if any, to the court making the order and not to another court in a collateral attack.

In a proper judicial proceeding to determine the amount of indebtedness of an insolvent corporation and the dates of origin of such indebtedness, the individual stockholders are sufficiently represented by the presence of the corporation itself; and the decree establishing such indebtedness is admissible as evidence thereof in a suit against a stockholder.

*Bernheimer* v. *Converse*, 206 U. S. 516, followed to the effect that § 394, New York Code of Civil Procedure, does not apply where the corporation is not a moneyed one or a banking association and that the six year period does apply under § 382 to the claim of a receiver of a foreign business corporation for personal liability of a stockholder assessed under the state statute.

THE facts, which involve the validity of a judgment of the District Court of the United States for the Southern District of New York enforcing the liability of a stock-

holder of an insolvent Minnesota corporation, are stated in the opinion.

*Mr. Abram I. Elkus*, with whom *Mr. Wesley S. Sawyer* was on the brief, for plaintiff in error:

The order of assessment does not purport to decide defendant's liability, but only the amount of probable debts and assets and the extent to which it was necessary on the basis of all debts to resort to the liability of stockholders.

The decree allowing the claims filed did not adjudge when they accrued. Stockholders are not bound by this decree.

The sole determination is that an assessment on a basis of all debts of such a percentage on the capital stock will not more than pay the corporate debts. No other question was considered by the court in making the order of assessment.

Defendant is liable only ratably on an assessment based on debts which existed on September 5, 1904, and are unrenewed, and based on all stockholders liable to contribute toward such debts. No such assessment has been made.

The Minnesota court did not have jurisdiction to render a decree with the effect, as construed by the trial court, of adjudging the liability of defendant.

The order of assessment cannot be conclusive upon points other than those properly before the court and necessarily decided.

The action is barred by the statute of limitations contained in § 394 of the New York Code.

In support of these contentions, see *Alsop* v. *Conway*, 188 Fed. Rep. 568; *Balkam* v. *Woodstock Co.*, 154 U. S. 177; *Bernheimer* v. *Converse*, 206 U. S. 514; *Bauserman* v. *Blunt*, 147 U. S. 647; *Clark* v. *Wells*, 203 U. S. 163; *Commercial Bank* v. *Azotine Mfg. Co.*, 66 Minnesota, 413;

*Commonwealth Ins. Co.* v. *Hayden,* 60 Nebraska, 636; *Converse* v. *Hamilton,* 224 U. S. 242; *Covell* v. *Fowler,* 144 Fed. Rep. 535; *Fairfield* v. *Gallatin,* 100 U. S. 47; *French* v. *Busch,* 189 Fed. Rep. 480; *Gt. West. Tel. Co.* v. *Purdy,* 162 U. S. 329; *Green* v. *Neal,* 6 Pet. 291; *Hamilton* v. *Loeb,* 186 Fed. Rep. 7; *Harper* v. *Carroll,* 66 Minnesota, 486; *Harpold* v. *Stobart,* 46 Oh. St. 397; *Howarth* v. *Lombard,* 175 Massachusetts, 570; *Manhattan Ins. Co.* v. *Albro,* 127 Fed. Rep. 281; *McDonald* v. *Dewey,* 202 U. S. 510; *Moores* v. *Nat. Bank,* 104 U. S. 625; *Morgan* v. *Hedstrom,* 164 N. Y. 224; *Mutual Fire Ins. Co.* v. *Phœnix Co.,* 108 Michigan, 170; *Old Wayne Life Assn.* v. *McDonough,* 204 U. S. 7; *San Diego Co.* v. *Souther,* 90 Fed. Rep. 164; *Schrader* v. *Mfr's Nat. Bank,* 133 U. S. 67; *Shepard* v. *Fulton,* 171 N. Y. 184; *Staten Island Co.* v. *Hinchcliffe,* 170 N. Y. 473; *Stokes* v. *Foote,* 172 N. Y. 327; *Straw Mfg. Co.* v. *Kilbourne,* 80 Minnesota, 125; *Swing* v. *Humbird,* 94 Minnesota, 1; *Tiffany* v. *Giesen,* 96 Minnesota, 488; *Ward* v. *Joslin,* 186 U. S. 140; *Willius* v. *Mann,* 91 Minnesota, 494; Constitution of Minn., Art. 10, § 3; act of June 30, 1876, c. 176, § 1, as amended in 1892 and 1897; Rev. Stat., §§ 5151, 5152, 5234; Laws of Minn., 1894, c. 76; Laws of Minn., 1899, c. 272; Laws of Minn., 1899, c. 34, § 2599; Laws of Minn., 1905, c. 58; N. Y. Code Civ. Pro., § 394.

*Mr. James E. Trask,* with whom *Mr. E. H. Morphy* and *Mr. John J. Clark,* were on the brief, for defendant in error.

MR. JUSTICE HUGHES delivered the opinion of the court.

This action was brought in the District Court of the United States, for the Southern District of New York, to enforce the liability of a stockholder of an insolvent Minnesota corporation.

In 1902, the Evans, Munzer, Pickering Company, was incorporated under the laws of Minnesota for the purpose of transacting a mercantile business. In 1904, its name was changed to the Evans, Johnson, Sloane Company. Its capital stock consisted of 1,500 shares of common and 1,000 shares of preferred stock of the par value of $100 each. The plaintiff in error, Arthur L. Selig, became the owner of 50 shares of preferred stock in 1902 and held the same until September 5, 1904, when they were transferred on the books of the Company to Max Mayer. On September 25, 1905, a petition in bankruptcy was filed against the Company in the United States District Court for the District of Minnesota; adjudication followed on October 13, 1905, and trustees in bankruptcy were appointed.

On May 28, 1906, a creditor of the Company, on behalf of itself and all other creditors, brought a sequestration suit in the District Court of Ramsey County, Minnesota, for the purpose of enforcing the liability of the stockholders of the Company. In that suit, on June 25, 1906, Charles E. Hamilton (the defendant in error here) was appointed receiver. Further order was made on June 28, 1906, requiring creditors to exhibit their claims, and become parties to the suit, within six months from the date of the first publication of the order. On July 6, 1906, in the same suit, the receiver filed a petition for an assessment upon the stockholders. The court set a date for hearing and directed notice to be given by publication and mailing. Thereupon, on September 4, 1906, the court entered its order assessing the sum of $100 against each share of the capital stock and against those liable as stockholders on account of such shares; the latter were directed to pay to the receiver the amount of the assessment within thirty days, and the receiver was authorized in default of payment to institute an action against any one liable as a stockholder, in any court having jurisdiction, whether in the State of Minnesota or elsewhere. On April 23, 1907,

the court entered a decree—in the sequestration suit—allowing the claims against the Company as set forth in an annexed schedule, which showed the nature of each claim, its amount and when it arose. A further decree allowing an additional claim was entered on February 13, 1908. It appeared from these decrees, and the schedules to which they referred, that of the claims thus allowed, upwards of $11,000 wholly arose prior to September, 1904, and in addition over $20,000 in part arose prior to that date.

Pursuant to the order of September 4, 1906, the present action was brought in December, 1909, to recover from Selig the amount assessed on 50 shares. The complaint set forth the proceedings in the sequestration suit, the statutes under which they were instituted and the order of assessment. It was also alleged that Selig, on or about September 5, 1904, had transferred his stock, when the Company was in an unsound financial condition, for the purpose of concealing his ownership, but that he remained the owner of the entire beneficial interest in the shares in question and that the transfer was fraudulent as against the creditors; and also that, under the law of Minnesota, a stockholder in a corporation could not avoid his liability for prior debts by a *bona fide* sale of his shares to a solvent person and a recorded transfer. In his answer, Selig admitted the transfer of the shares at the time mentioned, alleged that it was duly made and entered on the corporate books, and denied the other allegations pertinent to his liability.

Upon the trial the record of the proceedings in the sequestration suit, including the order of assessment and the decrees allowing the claims of creditors, were received in evidence. The entry in the stock-book showing the record of the issuance of 50 shares to Selig and its transfer, together with the original certificate as canceled, was introduced. Aside from what was contended to be the effect of the proceedings in the sequestration suit, there

was no evidence impeaching the transfer. This being the state of the proof, the plaintiff rested and the defendant moved to dismiss the complaint upon the grounds, that the plaintiff had failed to prove facts sufficient to constitute a cause of action, that the suit should have been brought in equity and not at law, and that the cause of action had accrued more than three years prior to the commencement of the action and hence was barred by the statute of limitations of the State of New York. Each party also moved for a direction of a verdict. The District Judge directed a verdict in favor of the receiver for the sum of $5,000 with interest, and in the view that, in sustaining and enforcing the order of assessment, a question arose involving the application of the Federal Constitution, this writ of error has been sued out.

The legislation of Minnesota with respect to the liability of stockholders, as construed by the state court, was reviewed and its constitutional validity was upheld in *Bernheimer* v. *Converse*, 206 U. S. 516. The conclusions there reached were reaffirmed in *Converse* v. *Hamilton*, 224 U. S. 243. Briefly re-stating them, it may be said: The constitution of Minnesota (Art. 10, § 3) provides: "Each stockholder in any corporation, excepting those organized for the purpose of carrying on any kind of manufacturing or mechanical business, shall be liable to the amount of stock held or owned by him." The provision is self-executing. The liability of the stockholder, measured by the par value of his stock, 'is not to the corporation but to the creditors collectively, is not penal but contractual, is not joint but several, and the mode and means of its enforcement are subject to legislative regulation.' (See *Willis* v. *Mabon*, 48 Minnesota, 140; *McKusick* v. *Seymour*, 48 Minnesota, 158; *Minneapolis Baseball Co.* v. *City Bank*, 66 Minnesota, 441; *Hanson* v. *Davison*, 73 Minnesota, 454; *Straw & Ellsworth Co.* v. *Kilbourne Co.*, 80 Minnesota, 125; *London & Northwest Co.* v. *St. Paul Co.*,

84 Minnesota, 144; *Way* v. *Barney*, 116 Minnesota, 285.)
Under the statute of 1894 (chapter 76), this liability was
enforceable exclusively by means of a single suit in equity,
in a court of the State, which was brought for the benefit
of all the creditors against all the stockholders or as many
as could be served with process within the State. *Hale* v.
*Allinson*, 188 U. S. 56; *Finney* v. *Guy*, 189 U. S. 335. To
make the remedy more effective, the act of 1899 (chap-
ter 272) was passed, and under the provisions of this stat-
ute as continued in substance (*Way* v. *Barney*, *supra*,
p. 294) in the Revised Laws of 1905, §§ 3184–3190, the
proceedings here in question were had. Provision was
made—upon hearing at the time appointed and after no-
tice by publication or otherwise as directed by the court—
for receiving evidence as to the probable indebtedness of
the corporation, the expenses of the receivership, the
amount of available assets, the parties liable as stock-
holders and the nature and extent of such liability; and,
thereupon, the court was authorized to levy a ratable as-
sessment "upon all parties liable as stockholders, or upon
or on account of any stock or shares of said corporation, for
such amount, proportion or percentage of the liability"
as the court in its discretion might "deem proper (taking
into account the probable solvency or insolvency of
stockholders and the probable expenses of collecting the
assessment)."—The order and the assessment thereby
levied, was made "conclusive upon and against all parties
liable upon or on account of any stock or shares of said
corporation, whether appearing or represented at said
hearing or having notice thereof or not, as to all matters
relating to the amount of and the propriety of and neces-
sity for the said assessment." After the expiration of the
time fixed for payment of the amount assessed, the re-
ceiver was authorized to bring actions against every per-
son failing to pay wherever he might be found, whether in
Minnesota or elsewhere. (See chapter 272, Laws of 1899,

§§ 3–6; Revised Laws, 1905, §§ 3184–3187.) The consti-
tutional validity of these provisions was sustained upon
the ground that the statute is a reasonable regulation for
enforcing the liability assumed by those who become
stockholders in corporations organized under the laws
of Minnesota; that while the order levying the assessment
is made conclusive as to all matters relating to the amount
and propriety thereof, and the necessity therefor, one
against whom it is sought to be enforced is not precluded
from showing that he is not a stockholder, or is not the
holder of as many shares as is alleged, or has a claim
against the corporation which in law or in equity he is
entitled to set off against the assessment, or has any
other defense personal to himself; and that while the
order is conclusive against the stockholder as to the mat-
ters stated, although he may not have been a party to
the suit in which it was made or notified that an assess-
ment was contemplated, this is not a tenable objection
as the order is not in the nature of a personal judgment
against him and he must be deemed, by virtue of his rela-
tion to the corporation and the obligation assumed with
respect to its debts, to be represented by it in the proceed-
ing. *Straw & Ellsworth Co.* v. *Kilbourne Co., supra,* pp.
133, 136; *Bernheimer* v. *Converse, supra,* pp. 528, 532;
*Converse* v. *Hamilton, supra,* p. 256.

Further, it must be assumed that a stockholder can-
not, even by a *bona fide* transfer of his stock, escape lia-
bility for the debts of the corporation theretofore in-
curred. The Minnesota statute provides that a transfer ·
of shares "shall not in any way exempt the person making
such transfer from any liabilities of said corporation which
were created prior to such transfer." Gen. Stat., 1894,
§ 2599; Rev. Laws, 1905, § 2864. And in *Gunnison* v.
*U. S. Investment Company,* 70 Minnesota, 292, 295, the
court said that "by virtue of the statute a stockholder
cannot relieve himself from the liability for the prior

debts of the corporation by a *bona fide* sale and transfer of his stock on the books of the corporation, whatever the rule may be in the absence of the statute."

In the light of the principles established by these decisions, it must be concluded:

(1) The bankruptcy proceedings against the corporation did not stand in the way of a resort to the statutory method of enforcing the stockholder's liability. It was not corporate assets (*Minneapolis Baseball Co.* v. *City Bank, supra,* p. 446; *Way* v. *Barney, supra*); and Congess had not undertaken to provide that the discharge in bankruptcy of a corporation should release the stockholders. No question as to this is raised by the plaintiff in error.

(2) The defendant Selig, in this action brought by the receiver against him in the District Court in New York to recover the amount assessed, was not concluded with respect to his personal liability. He was free to deny that he was, or had been, a stockholder in the Company; to dispute the allegation as to the length of time that he remained a stockholder; in short, to litigate any matter which bore upon the extent or duration of his stockholding or any other personal defense. *Straw & Ellsworth Co.* v. *Kilbourne, supra.* The order of the Minnesota court in the proceedings for the purpose of the assessment, in which he was represented by the corporation and of which he was notified only by publication and mailing of notice, did not conclude him with respect to the issue so far as it concerned the transfer of his stock or the good faith with which the transfer was made. Inasmuch as the transfer was proved to have been made in September, 1904, and no evidence was introduced to discredit the transaction, it must be assumed, for the present purpose, that the defendant's stock ownership then ceased and that he was not liable for the payment of debts subsequently contracted by the corporation.

(3) But despite the transfer, Selig remained liable for the corporate debts previously incurred. Moreover, it cannot be doubted that the authority of the Minnesota court under the statute was not confined to proceedings to assess existing stockholders. The act of 1899, by its express terms, applied in cases of liability arising upon shares "at any time held or owned by such stockholders" and provided for the making of an assessment against "all parties liable as stockholders." Laws, 1899, chapter 272, §§ 1, 3; Rev. Laws, 1905, § 3185. This obviously included former stockholders in relation to debts antedating their transfers; and the constitutional validity of the act in this aspect is as clear as is its validity with respect to the authorization of an assessment against existing stockholders. So far as the jurisdiction of the court to levy the assessment is concerned, no distinction can be maintained. The basis of jurisdiction is the same in each case; it is found in the contractual obligation assumed in becoming a member of a Minnesota corporation, and in the consequent submission to the reasonable regulations of the State for the purpose of making the liability effectual. *Bernheimer* v. *Converse, supra.*

It follows that if the court, thus having jurisdiction and acting upon the evidence before it in the statutory proceeding, assessed former stockholders for the purpose of providing for debts incurred while they held their stock, its determination with respect to the amount of the assessment and the necessity therefor must be deemed conclusive. These questions cannot be reopened in another court when the receiver sues to collect the amount of the assessment. The stockholder in such a suit is free to urge his personal defenses but this does not mean that he may resist the receiver's demand upon the ground that the assessment was not needed. The marshalling of the amounts recovered from stockholders is also the appropriate subject for the consideration of the court which

under the statute collects and distributes the fund. It is quite obvious that another court, in an action by the receiver against the stockholder, could not undertake to fix the amount required to pay the debts for which the stockholder is liable unless it virtually assumed the duty imposed by the statute of determining what a ratable assessment should be and thus denied due credit to the determination already made in a court of competent jurisdiction.

It is insisted, however, that no assessment was made against the defendant as a past stockholder; that the order of assessment as made by the Minnesota court was applicable to present stockholders only. It is true that in the receiver's petition for the levy of an assessment, the persons alleged to be liable were set forth as existing stockholders. Of these, it was averred that some (including the plaintiff in error) had transferred their stock for the purpose of avoiding liability and that others had placed their shares in the names of agents; but as to all, it was asserted that they were, and continued to be, the owners of the entire beneficial interest. But the petition prayed that the probable amount of the indebtedness and of the costs and expenses of the proceedings, and the probable amount which could be collected "from said stockholders, and all persons or parties liable, as such, on said stock," should be ascertained, and that the court should levy a ratable assessment upon each share and against each of the stockholders "liable on said stock." Taking the petition, in the light of the statute, we think that, despite the allegations with respect to the fraudulent character of the transfers mentioned and the continued ownership by the transferors of the shares described, the exercise of the jurisdiction of the court was invoked for the making of such an assessment as the court in its discretion might consider necessary in order to enforce the stockholders' liability, as it actually existed, with respect to the corporate debts remaining unpaid.

What the court did determine must be ascertained from the order of assessment. This order, after reciting that the matter came on to be heard at the time appointed pursuant to the petition, and that the court had "received and duly considered all the evidence presented," provided for an assessment of an amount equal to the par value "on each and every share of the capital stock" and "against the persons or parties liable as stockholders . . . for, upon, or on account of such shares of stock." It further provided that "each and every person or party liable as such stockholder" should pay to the receiver the amount assessed, and the receiver was authorized to collect "the several amounts due from the several persons or parties liable as stockholders," and to bring suit in case of the failure of "any person . . . liable as a stockholder" to pay as required. These provisions are certainly broad enough to include all stockholders, who were actually liable, and we should not be justified in treating the order as expressing less than its terms stated.

In *Tiffany* v. *Giesen*, 96 Minnesota, 488, the plaintiff, as receiver, by virtue of an order of assessment under the statute sought to recover against a stockholder in an insolvent corporation who had transferred his shares. It appearing that the defendant was the owner of the stock during the existence of the indebtedness of the company, it was held that the plaintiff had made out a cause of action. The objection that, as the transferee was the person primarily liable the action could not be maintained against the transferor, was overruled.

It is urged that the plaintiff in error was bound to contribute only ratably with all other stockholders who were liable with respect to the debts which arose prior to September 5, 1904, the date of the transfer, and that no assessment had been made based upon those debts. But this objection, as we view it, does not go to the existence

of the jurisdiction to make the order of assessment, or to the scope of the order as it was actually made, but rather to the question whether the court committed error in the exercise of the authority which it unquestionably possessed. If it did, the remedy lay in an application to the Minnesota court for the correction deemed to be necessary and. not in a collateral attack. The order in question does not provide for the distribution of the amount to be paid by the plaintiff in error, but that all moneys collected from the stockholders by the receiver should be held until the further order of the. court. It is not to be assumed that these moneys will be applied to any indebtedness as to which the stockholders contributing respectively are not liable. We cannot doubt that the plaintiff in error, if he so desires, will have suitable opportunity to be heard as to the application of the amount which he may pay to the receiver, that it will be used only in the discharge of his obligation, and that any surplus to which he may be entitled will be duly returned. Laws, 1899, chapter 272, § 11. See Rev. Laws, 1905, § 3190. The statute further provides that any stockholder who has paid his assessment shall be entitled to force contribution from any stockholder who has not paid, and for that purpose shall be subrogated to the rights of the creditors or the receiver of the corporation against every such delinquent stockholder in such manner and to such extent as may be just and equitable. *Id.*

We cannot regard it as essential to the exercise of the jurisdiction of the Minnesota court that it should be required, in order not to forego recovery from stockholders who had transferred their stock, to make a separate and distinct assessment against all the then stockholders at the date of every transfer appearing upon the books. The plan of the statute was intended to afford a practicable remedy, and the order to be made thereunder was in the nature of things a provisional one representing the best

judgment of the court upon the evidence before it as to
the amount of the assessment required. That assessment
was leviable upon every share and against all persons
liable as stockholders. If the plaintiff in error was
among this number, he was not entitled to resist the re-
covery by reason of the nature or amount of the as-
sessment, which was levied in conformity with the stat-
ute, but he was properly remitted to the Minnesota
court for the adjustment of such equities as he might
have.

It is said, however, that on the trial of the present ac-
tion, there was no evidence that there were debts remain-
ing unpaid, which antedated his transfer of stock. But
the decrees, entered in the parent suit in Minnesota,
which determined the amount of the outstanding claims
and when they arose, were introduced in evidence. These
decrees showed that there were debts, in excess of the
amount demanded of the plaintiff in error, which arose
before his shares were transferred. In the proceedings
appropriate to the liquidation, which related to the al-
lowance of these claims, the plaintiff in error by virtue of
his connection with the corporation and the obligation he
had assumed was sufficiently represented by the presence
of the corporation itself (*Bernheimer* v. *Converse, supra,*
p. 532); and we see no reason to question the admissi-
bility of the evidence. There was no attempt to con-
trovert it.

The remaining question relates to the statute of limita-
tions. It is contended that the action is barred by § 394
of the New York Code of Civil Procedure. In *Bernheimer*
v. *Converse, supra* (p. 535), the court expressed the opinion
that this section did not apply where the corporation was
not a "moneyed corporation or banking association"
and that the period of limitation under the New York
Code was six years (§ 382). (See *Platt* v. *Wilmot,* 193
U. S. 602, where, in the opinion of the court delivered by

Mr. Justice Peckham, the history of § 394 is reviewed.) We adhere to this view and the action must be regarded as brought in time.

The judgment is affirmed.

*Judgment affirmed.*