[No. 24006. Department Two. July 6, 1932.]

M. D. CHANDLER, *as Receiver of Diamond Motor Parts Company, Appellant,* v. H. P. MILLER, *Respondent.*[1]

*E. H. Belden,* for appellant.

*Brown & Weller,* for respondent.

MILLARD, J.—This action was instituted by the receiver of the Diamond Motor Parts Company, a corporation of the state of Minnesota, to enforce a stock-

[1] Reported in 13 P. (2d) 22.

holder's liability under the constitution and laws of the state of Minnesota. The appeal is from the judgment of dismissal, rendered upon the plaintiff's refusal to plead further after a demurrer had been sustained to the complaint.

The facts disclosed by the complaint are summarized as follows:

The Diamond Motor Parts Company was incorporated under the laws of Minnesota. Alleging the insolvency of the corporation, an action was commenced in the United States district court, eastern district of Minnesota, by certain creditors of the corporation, for the appointment of a receiver to wind up its affairs and to liquidate its assets for the benefit of all parties interested. The corporation was adjudged insolvent, and pursuant to the court's order, entered January 23, 1929, appellant M. D. Chandler became the duly qualified receiver of the insolvent corporation.

Under Article X, § 3, of the constitution of Minnesota, each stockholder of the insolvent corporation was liable to the creditors of the corporation in an amount not exceeding the par value of the stock held by him. In compliance with the statute (Mason's Minn. Stat., §§ 8025-8028) enacted to make effectual the liability incurred by stockholders under the Minnesota constitution, the receiver filed on July 10, 1931, in the United States district court of Minnesota, a petition which prayed, among other things, for a ratable assessment upon all persons liable as stockholders of the corporation. Due notice, as required by § 8025, *supra,* of the hearing on that petition was served upon all of the stockholders, including the respondent. As required by § 8026, *supra,* hearing was had upon the nature and probable extent of the indebtedness of the corporation, the probable expense of the receivership, the probable amount of the available assets, the parties liable as

stockholders, the nature and extent of the liability of each, and their probable solvency or responsibility.

Section 8026 further provides that, if the insufficiency of the assets necessitates resort to the liability of the stockholders, the court shall order a ratable assessment upon all parties liable as stockholders,

" . . . and shall direct payment of the amount so assessed against each share of such stock, to the assignee or receiver, within the time specified in such order."

Section 8027 provides that the order shall authorize and direct the receiver to collect the amount so assessed, and,

" . . . on failure of any one liable to such assessment to pay the same within the time prescribed, to prosecute an action against him, whether resident or non-resident, and wherever found. Such order shall be conclusive as to all matters relating to the amount, propriety and necessity of the assessment,"

against such parties as shall have been served with notice of the receiver's petition for assessment as provided in § 8025.

Section 8026 provides that,

"Upon expiration of the time specified in the order for the payment of the assessments, the assignee or receiver shall commence action against every party so assessed and failing to pay."

On September 30, 1931, the court entered its order of assessment that each stockholder pay *forthwith* to the receiver at his office in Minneapolis one dollar for each share of stock; that the receiver proceed to collect the amounts due from the stockholders; that the receiver "is authorized and directed to commence actions, forthwith," against the stockholders for the amounts assessed. The order further provided that, if a stockholder who was sued paid to the receiver

within thirty days from the date of the order the full amount of his liability, the receiver would dismiss the action, and such person would be relieved from the payment of any interest upon his assessment or any costs incurred by the receiver in bringing the action. The receiver was required to give notice of the order by mail within ten days from the date of the order to each stockholder.

On October 2, 1931, which was within the ten-day period, the appellant caused to be mailed to each stockholder, including the respondent, a copy of the court's order of September 30, 1931. Pursuant to that order, this action was instituted October 13, 1931, in Spokane county, Washington, to recover from the respondent the amount assessed on six hundred shares of his stock in the insolvent corporation. Respondent's demurrer to that action was sustained, as above recited.

Appellant receiver insists that, having been authorized by an order of the United States district court of Minnesota, the trial court, in denying the right to maintain the action to enforce the respondent stockholder's liability, contravened the full faith and credit provision of the United States Constitution.

Respondent concedes that the order was final as to the amount, propriety and necessity of the assessment; and that a Minnesota receiver may sue as of right on such assessment in another state, and such state cannot deny his capacity to bring such action. 14 C. J. 998; *Selig v. Hamilton*, 234 U. S. 652, Ann. Cas. 1917A 104.

Counsel for respondent contend, however, that the court's order of September 30, 1931, was void for non-compliance with the statute requiring the order to specify a time within which the payment may be made before suit shall be brought for the assessment. That is, there could be no right of action against the stock-

holders prior to the making of an order fixing a specified time within which the assessment shall be paid and the failure to pay within that time.

The statute (Mason's Minn. Stat., §§ 8026-8028) provides that the court shall, after a hearing, make an order determining the necessity for the assessment,

" . . . and shall direct payment of the amount so assessed . . . to the receiver within the time specified in such order . . . such order shall authorize and direct the assignee or receiver to collect the amount so assessed, and, on failure of any one liable to such assessment to pay the same within the time prescribed, to prosecute an action against him. . . . Upon expiration of the time specified in the order for the payment of assessments, the assignee or receiver shall commence action against every party so assessed and failing to pay."

The pertinent portion of the order of assessment reads as follows:

" . . . that each and every person or party liable as such stockholder . . . pay to M. D. Chandler, as receiver of said defendant, at his office, 915 Metropolitan Bank Building, in the city of Minneapolis, in the said state of Minnesota, *forthwith,* the sum of one dollar for and on account of each and every share of stock . . . and that said receiver proceed to collect the several amounts due from the several persons or parties liable as stockholders . . . It Is Further Ordered that the receiver is authorized and directed to commence actions, *forthwith,* against any and all person or persons liable as stockholders for the amounts hereby assessed, together with interest thereon as allowed by law from and after thirty days from date hereof . . . provided, however, that in the event any person or persons, party or parties, so sued shall pay to the receiver, at his office above designated, the full amount of the liability of such person or persons as stockholders within thirty days from date hereof, then the receiver shall dismiss said action or actions and said person or persons shall be relieved

from the payment of any interest upon such assessment or any costs incurred by the receiver in connection with the bringing of such action. ORDERED FURTHER that said receiver give notice of this order by mailing a copy of the same within ten (10) days from the date hereof to each stockholder."

Each stockholder was ordered to pay immediately the assessment of one dollar against each share of his stock: The receiver was directed to proceed to collect the amounts due. The receiver was by the order authorized and directed to commence actions forthwith, immediately, against the stockholders. However, if within thirty days from the date of the order the stockholder paid the amount of his assessment, the stockholder was relieved of the costs of the suit brought to enforce his liability.

The respondent had notice of the hearing. Under the statute, he was present. He had, by virtue of his membership in the corporation, all the representation to which he was entitled. He is charged with knowledge of all that transpired there.

"By becoming a member of a Minnesota corporation, and assuming the liability attaching to such membership, he became subject to such regulations as the State might lawfully make to render the liability effectual." *Bernheimer v. Converse,* 206 U. S. 516.

By its order, the Federal court of Minnesota fixed the time of payment of the assessment. That time was "forthwith," or "immediately." The court could enter, under the Minnesota statute cited above, a valid order requiring each stockholder to pay "immediately" the assessment against his stock. That would be the specifying of time within which to pay. Time means "when." The court ordered, in effect, that the stockholders "immediately" pay their stock liability. So far as the record discloses, none of the parties to

the hearing objected to the entry of that order. The expiration of "immediately" is "immediately."

Upon failure to pay their assessments, the receiver was authorized to immediately commence an action to enforce the stockholders' liability. That is, the respondent was advised by an order, in a hearing to which he was a party—an order which the court could validly make—that he was required to pay forthwith, immediately, an assessment against his stock; that the receiver was directed and authorized to forthwith, immediately, commence actions for the enforcement of such liability. But if suit were brought against a stockholder, such stockholder would be relieved of the costs of the suit if he paid his assessment in full within thirty days after September 30, 1931.

The order substantially complied with the requirements of the statute. The respondent stockholder had the right to show, in defense of the action brought to enforce the order levying the assessment, that he was not a stockholder, or was not the holder of as many shares as was alleged, or had discharged his liability, or had an offset, or any other defense which was personal to himself. This he did not do; therefore, the respondent is concluded by the order levying the assessment. *Selig v. Hamilton,* 234 U. S. 652; *McCabe Bros. v. Farmers' Grain & Supply Co.,* 172 Minn. 33, 214 N. W. 764.

"And, where the order levying the assessment in the state of the corporation's domicile is conclusive as to stockholders, the refusal of the right of the receiver of the corporation's domicile to sue is a denial of full faith and credit to the law of the domicile, and the right of such a receiver to sue in a foreign state is not based on comity. The right of the receiver to sue the nonresident stockholders for the enforcement of the statutory liability is not affected by the fact that the stockholder was not a party to the proceeding to marshal the property of the corporation and

to reach and apply the further security of his liability, because the corporation must be regarded so far as his agent that he is considered as present by representation for the purpose of the suit. Where a proceeding has for its purpose the liquidation of the affairs of a corporation and the collection and application of its assets and other liabilities to be administered for the benefit of creditors, the representation which the stockholder has by virtue of his membership in the corporation is all that he is entitled to. And in the absence of fraud, the decree in such a proceeding is not open to collateral attack by the stockholder when sued by the representative of the corporation to collect the assessment thereby ordered. A proceeding against a nonresident stockholder not served with process neither deprives him of his property without due process of law, nor denies him the equal protection of the law. Nevertheless it is not to be understood from anything here said that the stockholder when sued to enforce his liability is foreclosed from showing any defense purely personal to himself, such for instance as that he is not in fact a stockholder, or that he has paid all of the amount for which he is liable, or that he has a valid set-off." 14 C. J. 998.

The judgment is reversed, and the cause remanded with direction to the trial court to overrule the demurrer.

Tolman, C. J., Main, Beals, and Holcomb, JJ., concur.