No. 13,301.

CHANDLER, RECEIVER *v.* MANIFOLD.

(22 P. [2d] 870)

Decided May 22, 1933.  Rehearing denied June 12, 1933.

Mr. Harold F. Collins, Messrs. Blount, Silverstein & Rosner, for plaintiff in error.

Mr. Harvey Riddell, Mr. A. D. Quaintance, for defendant in error.

*En Banc.*

Mr. Justice Bouck delivered the opinion of the court.

In this case the plaintiff Chandler, plaintiff in error here, as receiver of Diamond Motor Parts Company, an insolvent Minnesota corporation, sued in the district court of Denver to recover from Mrs. Manifold, defendant in error, an assessment alleged to be due from her as a stockholder of that company. The Constitution of Minnesota, article 10, section 3, provides that "each stockholder in any corporation, excepting those organized for the purpose of carrying on any kind of manufacturing or mechanical business, shall be liable to the amount of stock held or owned by him." Statutes have been enacted in that state prescribing the method of enforcing such liability. The defendant's demurrer to the amended complaint was sustained and a judgment of dismissal entered.

From the amended complaint, the allegations of which are confessed by the demurrer, the following facts appear. January 23, 1929, the federal court in Minnesota appointed the plaintiff as receiver. About July 10, 1931, he filed a petition in that court praying for a ratable assessment against the stockholders in order to pay the company's debts and receivership expenses. On that day the court entered an order setting the hearing for August 31, 1931. Notice was mailed on July 25, 1931, to all stockholders, including the defendant (who was not a resident of Minnesota but to whom notice was mailed at her Denver, Colorado, address), that a hearing on the petition would be held on the date so fixed. Thirteen

days before the appointed time the court made another order as follows:

"It appearing from the affidavit of Thomas Vennum on file herein that additional time is necessary to enable service of the notice of the hearing on the application of M. D. Chandler, Receiver herein, for an order assessing all stockholders of the above named defendant corporation an amount equal to one hundred per cent (100%) of the par value of stock held by them, and it further appearing that it is for the benefit of those stockholders already served that all stockholders of said defendant corporation be brought in before the Court in said proceedings, now, therefore,

"It is hereby ordered that upon the hearing on August 31st, 1931, on said petition for an order assessing stockholders, as aforesaid, said matter will be continued to the 10th day of September, 1931, at ten o'clock A. M., or as soon thereafter as counsel can be heard, said hearing to be before the above Court, in Chambers, in the Federal Building, in the City of Minneapolis, State of Minnesota.

"It is further ordered that notice of this order be given all stockholders by mailing a true and correct copy thereof to said stockholders at their last known place of address as the same appears upon the records of said defendant corporation in the hands of the receiver herein, postage prepaid, not later than the 22nd day of August, 1931.

"Dated at Minneapolis, Minnesota, this 18th day of August, 1931."

A notice was sent out August 19, 1931, but not, as provided in the foregoing order, by mailing a true and correct copy of the latter. It did not notify the stockholders of a proposed postponement, and was couched in the form of an original notice, its language being almost identical with that of the notice originally given, save for the change of date. September 10, 1931, the date finally selected for the hearing, was 23 days subsequent to the date of the later order; it was 62 days after the

date of the previous one. Inasmuch as the statute required the court to appoint a time for hearing not less than 30 nor more than 60 days after the order appointing the hearing, it is obvious that the original notice was not a sufficient notice for a hearing on September 10, since the date chosen was more than 60 days after the order; nor was the subsequent notice sufficient as an independent notice, since the hearing was to be less than 30 days later.

■ This, we think, violated the contract between the stockholder and the corporation, and invalidated the proceedings except as to those stockholders actually appearing at the September hearing either personally or by counsel, and those stockholders duly served with process within the state of Minnesota. These may be bound by the judgment of the United States Circuit Court of Appeals in the case of *Saetre v. Chandler,* 57 F. (2d) 951. The defendant in error, on the other hand, was not a party to that action. She is therefore in position to raise all questions and interpose all defenses except perhaps concerning the amount, propriety and necessity of the assessment, which are not here involved. *Saetre v. Chandler, supra,* at p. 955. As a matter of law, she was in court within the boundaries of Minnesota to the extent—and only to the extent—that such a fiction is rendered necessary by the contractual relation which she assumed when she became a stockholder; for undoubtedly by accepting stock in the company she voluntarily assumed the superadded liability created by the Minnesota Constitution and statutes.

■ The point stressed by counsel for the stockholders here, however, is that the order entered on September 30, 1931, after the hearing of September 10 upon the notices referred to, required the stockholders to pay the receiver their assessments at his office in Minneapolis *forthwith,* and further commanded the receiver *forthwith* to institute suits to recover such assessments; counsel contending that the order was therefore invalid. It would

seem that the soundness of this contention is self-evident in view of the statute which reads:

"8025. * * * the court shall * * * order such notice thereof to be served on each person against whom such liability is claimed in the same manner a summons is served in a civil action, and said notice shall also be published as the Court shall order. * * *

"8026. * * * If it appears that the available assets, or such amount as may be realized therefrom within a reasonable time, will be insufficient to pay such expenses and indebtedness in full and without delay, the court shall order a ratable assessment upon all parties liable as stockholders, or upon account of any stock of such corporation, for such amount, proportion, or percentage of such liability upon or on account of each share of such stock as it shall deem proper, considering the probable solvency and responsibility of the stockholders and the probable expense of collecting such assessment, and shall direct payment of the amount so assessed against each share of such stock to the assignee or receiver, *within the time specified in such order.* * * *

"8027. Such order shall authorize and direct the assignee or receiver to collect the amount so assessed, and, *on failure of anyone liable to such assessment to pay* the same *within the time prescribed,* to prosecute an action against him, whether resident or non-resident, and wherever found. Such order shall be conclusive as to all matters relating to the amount, propriety, and necessity of the assessment, * * *." (Italics are ours.) 2 Mason's Minn. Statutes, 1927, pages 1609, 1610, 1611, sections 8025, 8026, 8027.

The italicized words "within the time specified in such order," certainly when we regard the natural meaning of language, denote a definite period of time, having a beginning, a duration and an end, and satisfying the normal requirements of definiteness, orderliness and equality as applied to the thousands of stockholders interested in what may be presumed to be intended for the

same legal procedure. This phraseology of the statute is to our minds incompatible with the meaning apparently given it by the courts in Minnesota in order to sustain the assessment proceedings herein. If such a strained interpretation had been placed upon the statute by a court in Minnesota before the defendant became a stockholder, which is not claimed to be the case here, it might be plausibly argued that the nonresident stockholder would be concluded thereby and be held under what is itself a violent presumption, indulged in against lawyer and layman alike, that "he is presumed to know the law." On this point we express no opinion.

Counsel for the receiver, in their endeavor to avoid the meaning of "forthwith" presented by its synonym "immediately," cite various authorities in support of their statement that "forthwith" is "a flexible term enabling the stockholder to pay his assessment within any reasonable time after receiving notice, and before being sued."

We hold that the procedure to which, by accepting her stock, the defendant assented did not include such an elastic course as counsel advocated. It must have contemplated a specific period during which, whether it be long or short, the payment might be made, and that for failure to pay during such specified period the receiver might thereupon, and not before, institute his action in court in the state of the nonresident stockholder. Any other conception of the procedure would be inconsistent with the fundamental ideas of our Colorado practice and must be condemned as contrary to our public policy.

We are aware that, in reaching the conclusion in favor of affirmance, our decision is contrary to the decision announced in the similar case of *Chandler v. Miller,* 168 Wash. 563, 13 P. (2d) 22. After a careful consideration of the opinion in that case we cannot approve either of the decision or of the reasoning upon which it is based. Our conclusion dispenses with the necessity of discussing

other matters pressed upon our attention by counsel on both sides, and duly considered.

Judgment affirmed.

MR. CHIEF JUSTICE ADAMS and MR. JUSTICE HILLIARD not participating.