No. 13,492.

CHANDLER, RECEIVER *v.* PEKETZ.

(49 P. [2d] 425)

Decided August 26, 1935.

Messrs. BLOUNT, SILVERSTEIN & ROSNER, Mr. HAROLD F. COLLINS, for plaintiff in error.

No appearance for defendant in error.

Mr. E. B. EVANS, amicus curiae.

*En Banc.*

MR. JUSTICE BOUCK delivered the opinion of the court.

THE plaintiff in error, Chandler, as receiver of Diamond Motor Parts Company, an insolvent Minnesota corporation, sued in the district court of Denver to recover from the defendant in error, Peketz—as in *Chandler v. Manifold,* 92 Colo. 579, 22 P. (2d) 870, the same receiver had similarly sued to recover from one Manifold—an assessment alleged to be due by reason of being a stockholder in that company. The Constitution of Minnesota, article 10, section 3, provides that, ''Each stockholder in any corporation, excepting those organized for the purpose of carrying on any kind of manufacturing or mechanical business, shall be liable to the amount of stock held or owned by him.'' Statutes have been enacted in

that state prescribing the method of enforcing such liability. A demurrer to the amended complaint was sustained and a judgment of dismissal entered. The receiver prosecutes error. The defendant in error, Peketz, is not represented by counsel in this court, the only brief on his side of the case being filed by an amicus curiae.

The amended complaint, the well-pleaded facts therein alleged being confessed by demurrer, establishes the following (almost identical with what was alleged in the Manifold case, supra):

On January 23, 1929, the plaintiff was appointed as receiver by the federal district court in Minnesota. About July 10, 1931, he there filed a petition praying for a ratable assessment against the stockholders in order to pay the company's debts and receivership expenses. That day the court entered an order setting the matter for hearing on August 31, 1931. Notice was mailed on July 25, 1931, to all stockholders, including the defendant Peketz (who was not a resident of Minnesota, but to whom notice was mailed at his Denver, Colorado, address), that a hearing on the petition would be held on the date so fixed. Thirteen days before the appointed time the court made another order as follows:

"It appearing from the affidavit of Thomas Vennum on file herein that additional time is necessary to enable service of the notice of the hearing on the application of M. D. Chandler, Receiver herein, for an order assessing all stockholders of the above named defendant corporation an amount equal to one hundred per cent (100%) of the par value of stock held by them, and it further appearing that it is for the benefit of those stockholders already served that all stockholders of said defendant corporation be brought in before the Court in said proceedings, now, therefore,

"It is hereby ordered that upon the hearing on August 31st, 1931, on said petition for an order assessing stockholders, as aforesaid, said matter will be continued to the 10th day of September, 1931, at ten o'clock A. M., or as

soon thereafter as counsel can be heard, said hearing to be before the above Court, in Chambers, in the Federal Building, in the City of Minneapolis, State of Minnesota.

"It is further ordered that notice of this order be given all stockholders by mailing a true and correct copy thereof to said stockholders at their last known place of address as the same appears upon the records of said defendant corporation in the hands of the receiver herein, postage prepaid, not later than the 22nd day of August, 1931.

"Dated at Minneapolis, Minnesota, this 18th day of August, 1931."

On August 19, 1931, a notice was sent out, and a copy of the order mailed. The notice made no reference to the order. It did not notify the stockholders of a proposed postponement, but was in the form of an original notice, its language being practically the same as that of the notice originally given, except for the change of date. September 10, 1931, the date finally selected for the hearing, was 23 days subsequent to the date of the later order; it was 62 days after the date of the previous one. We shall revert to these dates and figures later on, in view of the applicable statute, which is set out as an exhibit attached to the amended complaint, requiring the court to "appoint a time for hearing, not less than thirty nor more than sixty days" after the order appointing the hearing. The court took evidence, by affidavit and otherwise, found that an assessment of 100 per cent on all stock was necessary to pay the company's indebtedness, and ordered that each stockholder pay, as hereinafter more particularly set forth, and that the receiver proceed to collect from both resident and nonresident stockholders.

Two of the contentions advanced by the amicus curiae are, first, that the hearing was invalid for the purpose of imposing extraterritorial or absentee liability because the hearing was not fixed in compliance with the requirements of section 8025 of the Minnesota statutes, and, sec-

ond, that the extraterritorial liability did not attach because the court in fixing the time for payment of the assessment did not comply with the requirements of sections 8026, 8027 and 8028. We shall discuss these in the order mentioned, with a view to deciding whether these contentions or either of them be correct, and, if so, whether the plaintiff in error is thereby left without a remedy in this particular action.

## I.

First, then, concerning the fixing of the date for a hearing.

■■ The nonresident stockholder's liability is, of course, founded wholly upon the theory that, by the very act of becoming a stockholder, he has in effect agreed to be liable. In other words, the liability is a contractual, or at least quasi-contractual, one. *Bernheimer. v. Converse,* 206 U. S. 516, 27 Sup. Ct. 755. It is to be observed, however, that into the contract so constituted must be read all the constitutional and statutory provisions which are enacted to create and enforce the liability. These are not to be disregarded or minimized; since the legislative body—whether it be the people, in adopting a constitutional provision, or the legislature, in enacting a statute—must be presumed to have intended them for the protection of the stockholders. To the fair and reasonable interpretation of such provisions the nonresident stockholder is entitled because he must be deemed to have contracted that they would operate in his favor, as the provision for extraterritorial or absentee liability operates against him. This principle forbids the notion that, in imposing the liability upon an individual stockholder not actually within the jurisdiction, the plain meaning of words of limitation, qualification or condition may be ignored. Such an attitude would not be in accord with the judicial procedure prevailing in Colorado, or in harmony with our idea of fundamental justice. Clearly, we

cannot say that a hearing has been fixed for a date not less than 30 days and not more than 60 days after another date when the simple mathematical calculation shows that it has not.

It must be borne in mind that originally the stockholder's liability, created by the Minnesota Constitution, was not enforceable outside the state of Minnesota itself. The defect in the Minnesota statute antedating the amendment of 1899 was judicially held to result in rendering the superadded liability unenforceable as against the nonresident stockholder. The resident stockholder had no right to complain. Being within the jurisdiction, the resident stockholder could, of course, and still can, be proceeded against even without the passage of any remedial legislation, and solely by force of the constitutional provision creating the liability. Jurisdiction over the person of such resident stockholder was clearly obtained when he entered his appearance in the original case. Not only those stockholders actually appearing at the hearing in September, 1931, either personally or by counsel, but also those stockholders duly served with process within the state of Minnesota, may thus be conceded to be bound by the judgment of the United States Circuit Court of Appeals in the case of *Saetre v. Chandler*, 57 F. (2d) 951, cited by the plaintiff in error. Yet this is far from saying that the decision disposes of the case of a nonresident stockholder.

It is important to bear in mind the twofold nature of the proceedings under such statutes as those of Minnesota involved here. The adjudication of the amount, propriety and necessity of assessment, which are determined as a matter quasi in rem, is one thing; the fixing of personal liability upon the individual stockholder is quite another. It would, of course, be intolerable to permit each stockholder to reopen the inquiry which led to the fixing of an assessment. But it would be equally intolerable to consider the individual stockholder's liability to be irrevocably determined by such fixing of the assess-

ment. The Minnesota courts themselves have settled this point. In *Selig v. Hamilton,* 234 U. S. 652, 660 (34 Sup. Ct. 926), the United States Supreme Court has said (the italics being ours) : ''The constitutional validity of these provisions was sustained upon the ground * * * that while the order levying the assessment is made conclusive as to all matters relating to the amount and propriety thereof, and the necessity therefor, one against whom it is sought to be enforced is not precluded from showing that he is not a stockholder, or is not the holder of as many shares as is alleged, or has a claim against the corporation which in law or in equity he is entitled to set off against the assessment, or *has any other defense personal to himself;* and that while the order is conclusive against the stockholder *as to the matters stated,* although he may not have been a party to the suit in which it was made or notified that an assessment was contemplated, this is not a tenable objection, as *the order is not in the nature of a personal judgment against him* * * *.''* The opinion cites as decisive the case of *Straw & Ellsworth Mfg. Co. v. L. D. Kilbourne B. & S. Co.,* 80 Minn. 125, 83 N. W. 36. Hence we note that the adjudication of individual liability in the stockholder is a thing wholly different from the adjudication, in the original receivership proceedings, of the amount, propriety and necessity of the assessment. In the proceedings fixing the assessment the only res judicata is thus as to such amount, propriety and necessity of that assessment.

▮ So far as we are advised, there has been no decision by any state or federal court in Minnesota whereby a nonresident stockholder has been adjudged personally liable for an assessment when there has been a noncompliance with the express terms of the statute governing the proceedings to be taken. Judged by the opinions in the decided cases, every provision of the statute had there been complied with in respect to the method of fixing a date for the hearing.

In *Saetre v. Chandler, supra,* as already stated, no non-

resident stockholder was involved. All the stockholders who were parties in that case were obviously Minnesota residents duly summoned.

In *Bernheimer v. Converse,* 206 U. S. 516, 27 Sup. Ct. 755, and in *Marin v. Augedahl,* 247 U. S. 142, 38 Sup. Ct. 452, while both cases involved nonresident stockholders, there was no claim of noncompliance with any of the provisions in the statute. Thus the stockholder was simply held to the exact contract into which he had entered; that is, to be bound upon compliance by the creditors and the receiver with those specific terms of the statute which were manifestly intended as necessarily a more or less arbitrary set of requirements constituting a sort of irreducible minimum in what the stockholder might demand as the price of an implied promise to submit to liability regardless of the fact that he is not within the jurisdiction of the corporation's home state.

We think that, by reason of the failure in the case at bar to pursue the procedure as prescribed by the Minnesota statute in the matter of holding the hearing, Peketz as a nonresident stockholder cannot be held personally liable, as he could be if the procedure—which is an integral part of the contract—had been properly followed.

## II.

■■ Next, touching the failure to designate a period for payment of the assessment, as required by sections 8026, 8027 and 8028, 2 Mason's Minnesota Statutes, 1927, page 1610.

It is urged by the amicus curiae that here, too, was a fatal defect, in failing to follow the procedure which, as he claims, is an integral part of the contract. (Italics hereafter are again our own.)

Section 8026 provides: "* * * The court shall order a ratable assessment * * * and shall direct payment of the amount so assessed against each share of such stock to the assignee or receiver, *within the time specified in such order.* * * *."

Section 8027 provides: "Such order shall authorize and direct the assignee or receiver to collect the amount so assessed, and, on failure of anyone liable to such assessment to pay the same *within the time prescribed,* to prosecute an action against him, whether resident or non-resident, and wherever found. Such order shall be conclusive as to all matters relating to the amount, propriety and necessity of the assessment. * * *."

Section 8028 provides: *"Upon expiration of the time specified* in the order for the payment of assessments, the assignee or receiver shall commence action against every party so assessed and failing to pay * * *."

The order in the receivership proceeding, entered September 30, 1931, after the hearing of September 10, required the stockholders to pay the receiver their assessments at his office in Minneapolis *forthwith,* and further commanded the receiver *forthwith* to institute suits to recover such assessments. The amicus curiae contends that the order was therefore inadequate to fix liability upon Peketz as a nonresident stockholder. It would seem that the soundness of this contention is self-evident in view of the foregoing statutory provisions.

The italicized words "within the time specified in such order," certainly, when we regard the natural meaning of language, and in view of the expression, "upon expiration of the time specified," denote a definite period of time, having a beginning, a duration and an end, and satisfying the normal requirements of definiteness, orderliness and equality, as applied to the thousands of stockholders interested in what may be presumed to be intended for the same legal procedure. This phraseology of the statute is to our minds incompatible with the meaning contended for by counsel of the receiver.

To use familiar legal language, "there must be a terminus a quo and a terminus ad quem." "Expiration" necessarily implies "duration."

Counsel, in defending the order directing the making of payment forthwith and the institution of an action

forthwith, contend that the order is rendered unobjectionable and innocuous by the provision therein whereby no interest is to be charged against a stockholder for the period of thirty days after the date of the order if payment is made within that period. We can only say that we know of no legal principle or judicial procedure by which this could be lawfully done as a sort of attempt at excusing the court's failure to follow the course plainly prescribed by the state legislature. Such an attempt is not in harmony with the legal and judicial principles or practice of Colorado, and is inconsistent with the public policy of this state.

It follows that in our opinion the order of the court is, for the reasons given, inadequate for the purpose of imposing a personal liability upon the defendant in error.

## III.

By way of summary:

Since the defendant in error was not served with process in Minnesota, the Minnesota court acquired no jurisdiction over his person.

Liability, on the theory of a contract between the creditors (represented by the receiver) and the defendant in error, is lacking, because the procedure provided by the legislature in the interest of nonresident stockholders— the bona fide application of which obviously constitutes a condition precedent to that liability—was not complied with, in either of the respects discussed under "I" and "II" above.

All these matters appear on the face of the amended complaint, as made up of its own allegations and of the exhibits attached thereto and expressly incorporated therein. The demurrer challenged their legal sufficiency. The lower court ruled that the demurrer was good, and, the receiver standing on his amended complaint, judgment was entered for the defendant in error. We agree with this decision.

Counsel earnestly argue that within the meaning of

section 1 in article IV of the United States Constitution the judgment of the lower court deprived the receiver of the faith and credit which are required by this section to be given to a valid judgment of Minnesota. No such judgment is before us. There was not and could not be a valid judgment there against the defendant in error personally. The only permissible judgment of the Minnesota court was, as we have shown, the one determining the amount, the propriety and the necessity of an assessment *(Selig v. Hamilton, supra)*. With that conclusive judgment as to the nature and amount of the assessment we do not interfere.

Holding the views we have expressed in this opinion, we cannot approve of the decision or the reasoning in the case of *Chandler v. Miller*, 168 Wash. 563, 13 P. (2d) 22, which is also cited by the plaintiff in error.

Judgment affirmed.

MR. JUSTICE CAMPBELL not participating.