[No. 25305. Department Two. April 3, 1935.]

M. D. CHANDLER, *as Receiver, Appellant,* v. W. W. GALLEMORE, *Respondent.*[1]

*H. M. Berkey,* for appellant.

*E. B. Quackenbush,* for respondent.

MITCHELL, J.—This action was brought to recover on the superadded liability of a stockholder in an insolvent Minnesota corporation. The cause was tried to the court without a jury, and resulted in findings

[1]Reported in 43 P. (2d) 968.

against the plaintiff, upon which a judgment of dismissal of the action was entered. The plaintiff has appealed.

The Diamond Motor Parts Company was a Minnesota corporation. In a creditor's suit against it in the United States district court, district of Minnesota, the corporation was adjudged to be insolvent, and M. D. Chandler was appointed receiver on January 23, 1929. At and prior to that date, the constitution and statutes of Minnesota provided that stockholders of an insolvent corporation were liable to creditors in an amount not exceeding the par value of the stock, and made provision for an adjudication of the amount necessary against the stockholders and for the collection of it.

In July, 1931, the receiver filed a petition in the cause in the United States district court for a ratable assessment against all the stockholders. Notice was given and a hearing had upon the petition, and on September 30, 1931, an order was entered making an assessment of one dollar, the par value of the stock, against each share, and directing the holders to pay the same forthwith; and also directing the receiver to collect it.

Portions of the order pertinent here are as follows:

"It appearing to the Court and the Court having found that said order and notice of hearing upon said petition was duly served upon all stockholders of said defendant and upon all person or persons liable upon the capital stock of said defendant or on account of any of its shares, in accordance with the order of this Court dated July 10th, 1931, as provided in Section 8025, General Statutes of Minnesota for 1923, as amended by Section 273, Section 1, Session Laws of Minnesota for 1925, and it appearing that the Court has jurisdiction, and proof of such service having been made . . .

"IT IS ORDERED that an assessment for and on account of said superadded liability of the stockholders of said defendant and persons liable, equal to the par value of each share of the capital stock of said defendant, to-wit: the sum of One Dollar ($1.00) on each and every share of the capital stock of said defendant, be, and the same hereby is assessed upon and against each and every share of said capital stock and upon and against the stockholders of said defendant and the persons or parties liable as stockholders of said defendant or on account of its capital stock; that each and every person or party liable as such stockholder of said defendant or upon or on account of its capital stock pay to M. D. Chandler as receiver of said defendant, at his office, 915 Metropolitan Bank Building, in the City of Minneapolis, in said State of Minnesota, forthwith, the sum of One Dollar ($1.00) for and on account of each and every share of stock upon which said persons or parties are liable as stockholders of said defendant, or for or on account of its capital stock; and that said receiver proceed to collect the several amounts due from the several persons or parties liable as stockholders of said defendant, or for or on account of the said capital stock under the terms of this order and hold the amounts thus collected, subject to the further order of the Court herein.

"IT IS FURTHER ORDERED that the receiver is authorized and directed to commence actions, forthwith, against any and all person or persons, party or parties, liable as stockholders of said defendant or upon or on account of its capital stock for the amounts hereby assessed, together with interest thereon as allowed by law from and after thirty (30) days from date hereof, against the share or shares of stock held or owned by such stockholders or against the share or shares upon or on account of which he or they may be liable in any Court having jurisdiction, whether in the State of Minnesota or elsewhere; . . ."

This order of the district court was affirmed on appeal to the United States circuit court of appeals. *Saetre v. Chandler*, 57 Fed. (2d) 951.

At and prior to the insolvency of the corporation and the appointment of the receiver, the respondent, W. W. Gallemore, was, and continued to be, the owner and holder of 255 shares of the stock of the corporation the assessment against which, as ordered by the United States district court, is sought to be collected in this action.

In the trial of the present case, the superior court found and held that valid and sufficient notice was not given the respondent of the hearing upon which the order making the assessment was entered. This finding constitutes the first assignment of error on the appeal.

At the date of the order making the assessment, chapter 205, Minnesota Session Laws of 1931, p. 231, amending former statutes, was in effect, a pertinent part of which was as follows:

"8027. Such order shall authorize and direct the assignee or receiver to collect the amount so assessed, and, on failure of any one liable to such assessment to pay the same within the time prescribed, to prosecute an action against him, whether resident or nonresident, and wherever found. Such order shall be conclusive as to all matters relating to the amount, propriety, and necessity of the assessment, *against such parties as shall have been served with notice of the Receiver's Petition for Assessment as provided in Section 8025, General Statutes of 1923, as amended by Section 273, Section 1, Session Laws of Minnesota for 1925,* . . ."

(The words italicized appear that way in the act as it is found in the session laws.)

As already seen, the order making the assessment recites that the court has found that the

". . . order and notice of hearing upon said petition was duly served upon all stockholders of said defendant and upon all person or persons liable upon the capital stock of said defendant or on account of

any of its shares, in accordance with the order of this Court dated July 10th, 1931, as provided in Section 8025, General Statutes of Minnesota for 1923, as amended by Section 273, Section 1, Session Laws of Minnesota for 1925, and it appearing that the Court has jurisdiction, and proof of such service having been made . . ."

Thus the record shows that the United States district court, having jurisdiction, found and declared that the respondent had been duly served with the order and notice of the petition for the order making the assessment, and the controlling statute says that the order making the assessment

". . . shall be conclusive as to all matters relating to the *amount, propriety, and necessity of the assessment,* against such parties as shall have been served with notice of the Receiver's Petition for Assessment, etc."

Until that order is set aside in a proper, direct proceeding, it concludes the respondent, and the trial court should have so held in this case.

The trial court further found, under alleged affirmative defenses set up in the answer in this case, that the corporation officers, in selling stock to respondent, committed fraud by stating that the shares were non-assessable, and that, had he known that the constitution of Minnesota provided for a superadded liability, he would not have purchased the stock. The trial court also found, under another affirmative defense, that fraud was practiced on the state of Washington, in that the corporation and its agents, in taking out a permit to sell the stock in this state, did not mention the superadded liability attaching to the stock to be sold, the sale of this stock, it was alleged, having been made in this state.

These findings of fraud are assigned as error. It is doubtful if such defenses are available because of the

terms of the amendatory § 8027 of the 1931 Session Laws of Minnesota, p. 231, that:

"Such order shall be *conclusive as to all matters relating to the amount, propriety, and necessity of the assessment, against such parties as shall have been served with notice of the Receiver's Petition for Assessment, etc.*"

However, in this same kind of a suit, arising out of this same insolvency and receivership, and involving the same order of the United States district court, we held in *Chandler v. Miller*, 172 Wash. 252, 19 P. (2d) 1108, that fraud inducing the sale of stock is not a defense to a receiver's action to recover on a stockholder's superadded liability imposed by law for the benefit of creditors.

In support of the judgment of dismissal, the respondent contends that the receiver cannot maintain an action in a state other than that in which he was appointed; that a suit in a different state must be brought through an ancillary receiver; and that the extension of a receiver's authority to sue beyond the territory in which he was appointed must come from *legislation,* and not from judicial action or order. True, the order in this case directed the receiver to bring suits against the stockholders wherever found, such order being required by the amendatory § 8027 of the Minnesota Laws of 1931, p. 231, in which respect the order was a declaration or repetition of a provision in amendatory § 8028 of the Minnesota Session Laws of 1931, p. 231, that

"Upon expiration of the time specified in the order for the payment of assessments, the assignee or receiver shall commence action against every party so assessed and failing to pay, wherever he *or* any property subject to process in such action is found."

In addition, it may be stated that the answer in this case contains no such defense.

Other assignments of error on behalf of the appellant need not be discussed.

Judgment reversed, with directions to the superior court to enter judgment for the plaintiff against the defendant in the sum of $255 and interest, as demanded in the complaint.

STEINERT, HOLCOMB, and BLAKE, JJ., concur.

BEALS, J. (concurring)—Upon the ground of *stare decisis,* I concur in the foregoing opinion.