JAHNCKE SERVICE, INC., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 41685. Promulgated September 16, 1930.

*John J. Finnorn, Esq.,* for the petitioner.
*John D. Foley, Esq.,* for the respondent.

## OPINION.

TRAMMELL: The questions presented for our decision are (1) whether the petitioner is the transferee of the assets of the Shipbuilding Co. within the meaning of section 280 of the Revenue Act of 1926, (2) whether the Board erred in permitting the respondent to file an amendment to his answer, and (3) if the Board did not err in so doing, whether the Board having determined the tax liability of the Shipbuilding Co. after hearing duly had on the

merits raised by the pleadings in that case, the petitioner is entitled to have the tax liability of the Shipbuilding Co. redetermined by having a hearing on the issues raised in the petition in the instant case and the answer filed thereto exclusive of the amendment.

With respect to the question as to whether the petitioner is the transferee of the assets of the Shipbuilding Co. the petitioner's brief contains the following:

We have admitted that petitioner is liable at law as a transferee of the assets of Jahncke Shipbuilding Company by virtue of the fact that it assumed by written contract all of the liabilities of said shipbuilding company; but we do not agree nor do we admit that petitioner is liable in equity as a transferee, but on the contrary, we contend that there is no liability in equity for the reason that petitioner was never a stockholder of the shipbuilding company, except for the convenience of transferring the physical assets of the latter to itself.

It is not necessary under the statute that petitioner be held to be liable both at law and in equity. Liability *either at law or in equity* is sufficient. Regardless of the contractual liability, the petitioner as a stockholder of the shipbuilding company received as a distribution in liquidation all the assets of that corporation, and we think this constitutes it a transferee within the meaning of section 280 and its liability for any tax due by the transferor is thus established to the extent of the value of assets received, which is conceded to be in excess of the tax liability.

In its exception to the filing of the amendment to the answer and its motion to strike such amendment from the record, the petitioner avers among other things (1) that the amendment is not timely, (2) the petitioner having instituted the instant proceeding in reliance upon certain statements, acts and conduct of the respondent, the allowance of the amendment is prejudicial to and destructive of the rights of the petitioner, and (3) that the respondent is now estopped to plead the matters set forth in the amendment.

We think that the allowance of an amendment to an answer upon motion timely filed, like the extension of the time prescribed for filing an answer, is, in a proper case, within the sound discretion of the Board. See *Shultz Bread Co.*, 10 B. T. A. 268; *Charles P. Leininger*, 19 B. T. A. 621. We think that the motion to amend was timely filed and that the respondent was not estopped from raising the question. Nor do we think that the filing of the amended answer deprives the petitioner of any legal rights.

Although we have heretofore determined the tax liability of the Shipbuilding Co. and found a deficiency in tax, the petitioner attacks that determination and contends that it is entitled to be heard on the question of such liability by having a hearing on the issues raised by it in the petition in the instant proceeding and the answer

thereto. The respondent contends that, the tax liability of the Shipbuilding Co. having been determined by the Board, the petitioner is precluded from having that liability tried again.

It seems well settled, in the absence of fraud or collusion, that a judgment rendered by a tribunal of competent jurisdiction is conclusive against the parties to the suit and against all persons represented by the parties. It is also well settled that a corporation represents its stockholders in all matters within the scope of its corporate powers transacted in good faith by its officers. In *Hawkins* v. *Glenn*, 131 U. S. 319, it was sought to recover from a stockholder the unpaid portion of his subscription to the capital stock of a corporation to be used in the satisfaction of a judgment against the corporation which was insolvent. The stockholder sought to avoid liability on the ground that he was not a party to the cause between the creditor and the corporation. The court said:

> We understand the rule to be otherwise, and that the stockholder is bound by a decree of a court of equity against the corporation in enforcement of a corporate duty, although not a party as an individual, but only through representation by the company.

> A stockholder is so far an integral part of the corporation that, in view of the law, he is privy to the proceedings touching the body of which he is a member. *Sanger* v. *Upton*, 91 U. S. 56, 58 * * *.

The foregoing was quoted with approval in *Glenn* v. *Liggett*, 135 U. S. 533, where the same question was again involved.

In *Hancock National Bank* v. *Farnum*, 176 U. S. 640, the court said:

> This representative character of the corporation has been affirmed by this court in several cases. In *Hawkins* v. *Glenn*, 131 U. S. 319, it was held that "in the absence of fraud, stockholders are bound by a decree against their corporation in respect to corporate matters, and such a decree is not open to collateral attack." This was a case in which an assessment ordered by a court which had jurisdiction of the corporation was held binding upon stockholders residing in another State; and in the opinion, on page 329, it was said by Chief Justice Fuller:

> "A stockholder is so far an integral part of the corporation that, in view of the law, he is privy to the proceedings touching the body of which he is a member."

> See also *Glenn* v. *Liggett*, 135 U. S. 533; *Great Western Telegraph Co.* v. *Purdy*, 162 U. S. 329, 337.

In *Royal Arcanum* v. *Green*, 237 U. S. 531, it was said:

> In addition it was by the application of the same principle that a line of decisions in this court came to establish: * * * and third, that putting out of view the right of the person against whom a liability for a stockholder's subscription is asserted to show that he is not a stockholder, or is not the holder of as many shares as is alleged, or has a claim against the corporation which at law or equity he is entitled to set off against the corporation, or has any other defense personal to himself, a decree against the corporation in a

suit brought against it under the state law for the purpose of ascertaining its insolvency, compelling its liquidation, collecting sums due by stockholders for subscriptions to stock and paying the debts of the corporation, in so far as it determines these general matters, binds the stockholder, although he be not a party in a personal sense, because by virtue of his subscription to stock there was conferred on the corporation the authority to stand in judgment for the subscriber as to such general questions. *Selig* v. *Hamilton*, 234 U. S. 652; *Converse* v. *Hamilton*, 224 U. S. 243; *Bernheimer* v. *Converse*, 206 U. S. 516; *Whitman* v. *National Bank*, 176 U. S. 559; *Hawkins* v. *Glenn*, 131 U. S. 319.

Respecting the same question, it was said in *Marin* v. *Augedahl*, 247 U. S. 142:

Whether the stockholder against whom the order is here sought to be enforced was personally a party to the suit in which it was made does not appear; nor is it material. Under the rule in Minnesota, as also the general rule, he was sufficiently represented by the corporation to be bound by the order in so far as it determined the character and insolvency of the corporation and other matters affecting the propriety of a general assessment such as was made. This court frequently has recognized and applied that rule. In *Hawkins* v. *Glenn*, 131 U. S. 319, an assessment ordered by a Virginia court having the corporation before it was sustained as against stockholders residing in another State and not personally brought into the suit, the ground of decision being that "a stockholder is so far an intergral part of the corporation that, in the view of the law, he is privy to the proceedings touching the body of which he is a member." Of similar import are *Sanger* v. *Upton*, 91 U. S. 56; *Glenn* v. *Liggett*, 135 U. S. 533; *Great Western Telegraph Co.* v. *Purdy*, 162 U. S. 329, 336; *Hancock National Bank* v. *Farnum*, 176 U. S. 640; *Bernheimer* v. *Converse*, 206 U. S. 516, 532; *Royal Arcanum* v. *Green*, 237 U. S. 531, 544.

With regard to the similarity between unpaid stock subscriptions and other assets of a corporation, the Supreme Court in *Hawkins* v. *Glenn*, *supra*, said:

As against creditors there is no difference between unpaid stock "and any other assets which may form a part of the property and the effects of the corporation," (*Morgan County* v. *Allen*, 103 U. S. 498, 509,) and "the stockholder has no right to withhold the funds of the company upon the ground that he was not individually a party to the proceedings in which the recovery was obtained." *Glenn* v. *Williams*, 60 Maryland, 93, 116.

In view of the statements of the Supreme Court in the foregoing cases and as the petitioner does not allege that fraud or collusion was perpetrated in the determination of the tax liability of the Shipbuilding Co. we think that such determination is conclusive upon the petitioner both as to the existence as well as the amount of the deficiency so determined against that company. See also *John Robert Brewer*, 17 B. T. A. 713.

The petitioner urges that as section 280 of the Revenue Act of 1926 provides that the liability of a transferee shall be assessed, collected and paid in the same manner and subject to the same provisions, with certain statutory exceptions, as a deficiency in tax, it is entitled to have another and further determination made of the tax liability

of the Shipbuilding Co. Where the tax liability of a transferor corporation has never been adjudicated, we think that under the provisions of section 280 a transferee stockholder may have the tax liability of the transferor determined in a proceeding brought by the transferee, but we find nothing in section 280 which indicates that Congress intended that, although the tax liability of the transferor corporation has been determined in a proceeding brought by and in the name of the corporation, such determination is to be ignored and the tax liability of the transferor corporation determined anew each time a transferee stockholder comes before the Board and asks that such be done. Under the construction contended for by the petitioner, there could be no finality of the determination of the tax liability of the transferor corporation so long as there remained a transferee stockholder against whom the respondent had determined a liability as transferee and whose case remained undecided.

In *Coe* v. *Armour Fertilizer Works*, 237 U. S. 413, the court said:

It may be conceded that a judgment recovered against a corporation, without fraud or collusion, in a court having jurisdiction over the subject-matter and the party, may consistently with the Fourteenth Amendment be treated as concluding the stockholder respecting the existence and amount of the indebtedness so adjudged. *Sanger* v. *Upton, Assignee*, 91 U. S. 56, 59; *Hawkins* v. *Glenn*, 131 U. S. 319, 329; *Glenn* v. *Liggett*, 135 U. S. 533, 544; *Great Western Telegraph Co.* v. *Purdy*, 162 U. S. 329, 337. But before a third party's property may be taken to pay that indebtedness upon the ground that he is a stockholder and indebted to the corporation for an unpaid subscription, he is entitled, upon the most fundamental principles, to a day in court and a hearing upon such questions as to whether the judgment is void or voidable for want of jurisdiction or fraud, whether he is a stockholder and indebted, and other defenses personal to himself. See *Grant Western Telegraph Co.* v. *Purdy, ubi supra; Bernheimer* v. *Converse*, 206 U. S. 516, 528, 532; *Converse* v. *Hamilton*, 224 U. S. 243, 256; *Selig* v. *Hamilton*, 234 U. S. 652, 660.

While in a case, such as the one now before us, the prior determination of a deficiency against the transferor corporation is conclusive upon the transferee stockholder as to the existence and amount of such deficiency, the transferee stockholder who is proceeded against under section 280 is, as pointed out in *Coe* v. *Armour Fertilizer Works, supra*, entitled to a hearing upon such questions as whether he was liable as a transferee stockholder, whether the prior determination is void or voidable because of fraud or want of jurisdiction, and other defenses personal to himself.

The petitioner being liable as a transferee of the assets of the Shipbuilding Co. having received assets in excess of the tax liability of that company, and our prior determination of the tax liability of the Shipbuilding Co. being conclusive on the petitioner, and there being no defenses personal to the petitioner, we are of the opinion

that the respondent's action in proposing to assess against the petitioner the deficiencies heretofore determined by us against the Shipbuilding Co. must be sustained. The fact that counsel for the petitioner herein has mistaken his remedy in failing to prosecute its appeal from our judgment in the Circuit Court of Appeals is a circumstance over which we have no control and for which we can afford no relief.

Reviewed by the Board.

*Judgment will be entered under Rule 50.*