Joseph A. BASS, Raymond J. Bass and Anita Ruth Bass, individually, and as co-partners, doing business under the name and style of Joseph A. Bass Company; Paul Steenberg Construction Company, a corporation; and Fleisher Engineering & Construction Company, a corporation, Appellants,

v.

UNITED STATES of America and Kenneth C. Royall, Secretary of the Army, Appellees.

No. 15176.

United States Court of Appeals Eighth Circuit.

April 26, 1955.

Josiah E. Brill, Minneapolis, Minn. (Edmund T. Montgomery, Minneapolis, Minn., was with him on the brief), for appellants.

Marcus A. Rowden, Attorney, Dept. of Justice, Washington, D. C. (Warren E. Burger, Asst. Atty. Gen., George E. Mac-Kinnon, U. S. Atty., St. Paul, Minn., and Melvin Richter, Attorney, Dept. of Justice, Washington, D. C., were with him on the brief), for appellees.

Before SANBORN, JOHNSEN and VOGEL, Circuit Judges.

SANBORN, Circuit Judge.

This is an appeal from a summary judgment for the United States in an action brought under Section 403(c) of the Renegotiation Act of 1942 as amended, 50 U.S.C.A. Appendix, § 1191, to recover from the defendants (appellants) amounts determined by the Under Secretary of War to be "excessive profits" realized from war contracts, less tax credits, plus six per cent interest on the amount of the net balance from August 30, 1944, the date of the Under Secretary's determination, to April 28, 1948.

To stop the running of interest on the Government's asserted claim, the defendants, during the pendency of the instant action, under a stipulation preserving their rights to contest their liability, paid to the Government on April 28, 1948, the net principal amount of its claim.

The factual situation out of which this case arose is not in dispute and differed in no substantial respect from that involved in the case of Ring Construction Corporation v. United States, 8 Cir., 209 F.2d 668, decided by this Court in January, 1954. The applicable law is no different. The pertinent provisions of the Renegotiation Act, as amended, are quoted on page 669 of 209 F.2d in footnote 1, and we shall not requote them in this opinion. See also footnote 1 in Lichter v. United States, 334 U.S. 742, 745 and the Appendix on pages 793–802, 68 S.Ct. 1294, 1297, on pages 1320–1325, 92 L.Ed. 1694.

The defendants had jointly entered into war contracts with the Government prior to April 28, 1942, but had not received final payment prior to that date. By the express terms of the Renegotiation Act, their contracts were subject to renegotiation. See Lichter v. United States, supra, on pages 788–789 of 334 U.S., on pages 1318–1319 of 68 S.Ct., and Ring Construction Corporation v. Secretary of War of United States, 85 U.S.App.D.C. 386, 178 F.2d 714, 715–716. The Under Secretary of War had on August 30, 1944, unilaterally determined the amount of excessive prof-

its which the defendants had realized. The defendants petitioned the Tax Court, under § 403(e) (1) of the Act, for a redetermination of the amount of such profits. The Tax Court on May 22, 1953, Bass v. Stinson, 20 T.C. 428, sustained the determination made by the Under Secretary. The defendants did not petition under § 1141 of Title 26 U.S.C. for a review of the decision of the Tax Court. Section 1141 gives to the Courts of Appeals "exclusive jurisdiction to review the decisions of the Tax Court". This section, it has been held, authorizes a review by a Court of Appeals of renegotiation orders of the Tax Court, excepting as to questions relating to "the amount if any of excessive profits." United States v. California Eastern Line, Inc., 348 U.S. 351, 75 S.Ct. 419, 421. The time within which the defendants could petition for a review by a Court of Appeals of the Tax Court decision of which they complain has long since expired.

In view of the factual situation and the obvious finality and effect of the decision of the Tax Court, whether right or wrong, the District Court, in entering summary judgment, concluded that nothing remained to be decided except the rate of interest to which the Government was entitled for the period prior to April 28, 1948, the date the defendants paid the net principal amount of the Government's claim. The District Court allowed the Government interest at four per cent, instead of six per cent, from August 30, 1944, the date of the Under Secretary of War's determination, to April 28, 1948.

We think the District Court could not, under the circumstances, logically have done otherwise than grant the motion of the United States for a summary judgment. As the District Court ruled, the decision of the Tax Court in the redetermination proceeding initiated by the defendants in that court, which proceeding was between the same parties with respect to the same claim, was res judicata not only as to all questions presented to the Tax Court but as to all

questions which could have been presented to that court. Tait v. Western Maryland R. Co., 289 U.S. 620, 623, 53 S.Ct. 706, 77 L.Ed. 1405; Guettel v. United States, 8 Cir., 95 F.2d 229, 230–231, 118 A.L.R. 1060; Pelham Hall Co. v. Hassett, 1 Cir., 147 F.2d 63, 66–67 and cases cited; International Building Co. v. United States, 8 Cir., 199 F.2d 12, 18, reversed on other grounds 345 U.S. 502, 73 S.Ct. 807, 97 L.Ed. 1182.

■ The Tax Court alone had jurisdiction to redetermine the amount of excessive profits realized by the defendants. United States v. California Eastern Line, Inc., supra. Any questions as to jurisdiction of the Under Secretary of War to determine excessive profits or of the Tax Court to decide the issues presented to it and any questions as to the constitutionality of the Renegotiation Act or the proceedings taken under it were subject to review under 26 U.S.C. § 1141. United States v. California Eastern Line, Inc., supra. Since we are convinced that the decision of the Tax Court could not be reviewed, re-opened or collaterally attacked in the District Court and was res judicata as to the validity and amount of the Government's claim, there is no justification for stating the various contentions of the defendants relating to the alleged invalidity of the claim.

■ The defendant's assertion that interest should have been allowed only from the date of the Tax Court's decision is, in our opinion, not tenable. It was on August 30, 1944, that the amount of excessive profits was determined by the Under Secretary of War. That determination was not disturbed by the Tax Court. The determination was made under authority of law and, we think, was presumptively correct from its inception. Cf. Welch v. Helvering, 290 U.S. 111, 54 S.Ct. 8, 78 L.Ed. 212. Under the circumstances, the liability of the defendants accrued as of August 30, 1944, and interest ran from that date.

The judgment appealed from is affirmed.