**ESTATE of Henry G. EGAN, Transferee, Northwestern National Bank, Executor, Petitioner,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent.**

**No. 15912.**

United States Court of Appeals
Eighth Circuit.
Nov. 10, 1958.

William R. Busch, St. Paul, Minn. (Joseph A. Maun and Bundlie, Kelley & Maun, St. Paul, Minn., were with him on the brief), for petitioner.

James P. Turner, Atty., Dept. of Justice, Washington, D. C. (Charles K. Rice, Asst. Atty. Gen., and Joseph F. Goetten and Robert N. Anderson, Attys., Dept. of Justice, Washington, D. C., were with him on the brief), for respondent.

Before JOHNSEN, VAN OOSTER-HOUT and MATTHES, Circuit Judges.

VAN OOSTERHOUT, Circuit Judge.

Petitioner, the executor of the estate of Henry G. Egan, has filed timely petition for review of the decision of the Tax Court (opinion reported 28 T.C. 998) holding the estate liable as transferee for the deficiency in income tax previously finally determined to be due from the transferor, Egan, Inc. The Tax Court, by its decision in Egan, Inc., v. Com-

missioner (not reported), on May 19, 1955, after trial upon the merits, determined that Egan, Inc., in the taxable year 1948 was availed of for the purpose of preventing the imposition of surtax upon its stockholder through the medium of permitting earnings to accumulate beyond the reasonable needs of the business, and that the corporation was liable for a deficiency in income tax of $88,286.78 under section 102 of the Internal Revenue Code of 1939, 26 U.S.C.A. § 102. Upon review we affirmed the Tax Court decision. Egan, Inc., v. Commissioner, 8 Cir., 236 F.2d 343. The facts establishing the tax liability of Egan, Inc., are fully set out in our opinion.

Henry G. Egan was the sole stockholder of Egan, Inc. He died on January 15, 1953. Egan, Inc., was dissolved, and all of its assets were transferred to Egan's executor, the transferee here involved, on or about March 19, 1953. It is undisputed that the value of the assets so transferred exceeds the amount of the tax liability. Egan, Inc., did not pay the tax liability deficiency determined against it. The Commissioner proceeded against petitioner as transferee of Egan, Inc., issuing on May 15, 1956, a statutory notice covering the 1948 tax deficiency of Egan, Inc., which the Commissioner proposed to assess against the petitioner as transferee. A statement, made part of the notice, asserts that the amount of the deficiency of the transferor has been adjudicated. Within 90 days of the issuance of such notice, petitioner filed a petition with the Tax Court seeking a redetermination of the amount of the tax liability of Egan, Inc. The petitioner does not deny its liability as transferee for any deficiency in tax due from Egan, Inc., but contends that Egan, Inc., does not owe the tax claimed by the Commissioner.

The Commissioner in his answer, among other things, alleged that the liability of Egan, Inc., was finally determined in the case of Egan, Inc., v. Commissioner, supra, and that the transferee is prevented by the doctrine of res judi-cata from resisting transferee liability on the ground that the transferor was not liable for the tax.

Upon the Commissioner's motion for judgment on the pleadings, the Tax Court, after hearing arguments of counsel, determined that the petitioner was precluded by the doctrine of res judicata from relitigating the liability of Egan, Inc., for the tax deficiency determined in the prior litigation. The basis of the Tax Court's ruling is thus stated:

"A transferee stockholder and a transferor corporation, under the present circumstances, are parties in privity and both the present transferee and the Commissioner are precluded from relitigating the issue decided in the case of the taxpayer, Egan, Inc. Jahncke Service, Inc., 20 B.T.A. 837, appeal dismissed (C.A.-5) 112 F.2d 169; Nora M. Carney, et al., 22 B.T.A. 721. That rule is supported by the rule of privity of parties under the doctrine of res judicata and by the fact that the corporation, in litigating the deficiency under the circumstances here present, was acting not only for itself but also for the stockholder. The petitioner's contention that section 534 of the I.R.C. of 1954 [26 U.S.C.A. § 534] constitutes a change in the law which avoids the application of res judicata is without merit since a change in the law or a change in the legal climate after the final judgment in the case of the taxpayer does not avoid the effect of res judicata. Commissioner v. Sunnen, 333 U.S. 591 [68 S.Ct. 715, 92 L.Ed. 898]. * * *"

The issue for our determination is whether the prior final decision on the merits, determining the tax liability of the transferor, Egan, Inc., for 1948, is res judicata of the liability of the petitioner, as transferee, for the same tax, where it is admitted the transferee status exists and that the assets transferred exceed in value the amount of the tax claimed.

Petitioner's contention is that section 534 of the Internal Revenue Code of 1954 brought about a change in the law by shifting the burden of proof from the taxpayer to the Commissioner upon the issue of whether the accumulation of earnings was beyond reasonable business needs.

Section 533(a) of the 1954 Code, 26 U.S.C.A. § 533(a), which, in effect, is the same as section 102(c) of the Internal Revenue Code of 1939, 26 U.S.C.A. § 102(c), operative at the time of the determination of the tax liability of Egan, Inc., provides:

"(a) *Unreasonable accumulation determinative of purpose.*—For purposes of section 532, the fact that the earnings and profits of a corporation are permitted to accumulate beyond the reasonable needs of the business shall be determinative of the purpose to avoid the income tax with respect to shareholders, unless the corporation by the preponderance of the evidence shall prove to the contrary."

Section 534(a), upon which petitioner relies, is a statutory provision not appearing in previous codes, and reads:

"(a) *General rule.*—In any proceeding before the Tax Court involving a notice of deficiency based in whole or in part on the allegation that all or any part of the earnings and profits have been permitted to accumulate beyond the reasonable needs of the business, the burden of proof with respect to such allegation shall—

"(1) if notification has not been sent in accordance with subsection (b), be on the Secretary or his delegate, or

"(2) if the taxpayer has submitted the statement described in subsection (c), be on the Secretary or his delegate with respect to the grounds set forth in such statement in accordance with the provisions of such subsection."

As originally enacted, section 534(a) was not operative as to past tax years. By Act of August 11, 1955, Chapter 805, Section 4, 69 Stat. 689, 690, section 534 was extended to cover prior taxable years as to cases tried on the merits after the enactment of the amendment. The trial of the Egan, Inc., case occurred before the enactment of the amendment.

Petitioner contends that it is entitled to a redetermination of the merits by virtue of section 6901 of the Internal Revenue Code of 1954, 26 U.S.C.A. § 6901, which provides that tax liabilities of transferees shall "be assessed, paid, and collected in the same manner and subject to the same provisions and limitations as in the case of the taxes with respect to which the liabilities were incurred." Petitioner contends that section 6901 requires the Commissioner to issue the statutory notice prescribed by section 6212, and that the issuance of such notice gives the right to have the liability of the transferor determined. Doubtless, section 6901 gives the transferee a right at least to have an adjudication upon an issue that has not previously been litigated and determined, such as, whether he is in fact a transferee, and whether the value of the transferred assets equals the amount of the tax liability. Also, in situations where there has been no final adjudication as to liability of the transferor, the transferee would be entitled to have such liability determined by the Tax Court.

In answering a similar contention made by a transferee under section 280 of the Revenue Act of 1926, which is in substance similar to section 6901, the Board of Tax Appeals in Jahncke Service, Inc. v. Commissioner, 20 B.T.A. 837, 849, states:

" * * * Where the tax liability of a transferor corporation has never been adjudicated, we think that under the provisions of section 280 a transferee stockholder may have the tax liability of the transferor determined in a proceeding brought by the transferee, but we find nothing

in section 280 which indicates that Congress intended that, although the tax liability of the transferor corporation has been determined in a proceeding brought by and in the name of the corporation, such determination is to be ignored and the tax liability of the transferor corporation determined anew each time a transferee stockholder comes before the Board and asks that such be done. Under the construction contended for by the petitioner, there could be no finality of the determination of the tax liability of the transferor corporation so long as there remained a transferee stockholder against whom the respondent had determined a liability as transferee, and whose case remained undecided."

We agree with the foregoing reasoning of the Tax Court. We find nothing in section 6901 which shows any legislative intent that the doctrine of res judicata should not be applied in determining the amount of tax liability of the transferee.

▇ It is well settled that the doctrine of res judicata applies to tax cases. Commissioner v. Sunnen, 333 U.S. 591, 598, 68 S.Ct. 715, 92 L.Ed. 898; Tait v. Western Maryland Ry. Co., 289 U.S. 620, 624, 53 S.Ct. 706, 77 L.Ed. 1405; Guettel v. United States, 8 Cir., 95 F.2d 229, 231, 118 A.L.R. 1060. We believe that the Tax Court correctly determined that the doctrine of res judicata applies.

▇ The deficiency involved in the suit against Egan, Inc., was that for the year 1948 occasioned by accumulation of surplus beyond reasonable business needs. Exactly the same tax of the transferor for the year 1948 is involved in the present litigation. The Supreme Court in Commissioner v. Sunnen, supra, prescribes the test to be applied in determining identity of causes of action, stating (333 U.S. at page 598, 68 S.Ct. at page 719):

"* * * Income taxes are levied on an annual basis. Each year is the origin of a new liability and of a separate cause of action. Thus if a claim of liability or non-liability relating to a particular tax year is litigated, a judgment on the merits is *res judicata* as to any subsequent proceeding involving the same claim and the same tax year. But if the later proceeding is concerned with a similar or unlike claim relating to a different tax year, the prior judgment acts as a collateral estoppel only as to those matters in the second proceeding which were actually presented and determined in the first suit. * * *"

▇ The Court in the case just cited also discusses the distinctions between res judicata and collateral estoppel, and with reference to the scope of res judicata states (333 U.S. at page 597, 68 S. Ct. at page 719):

"* * * The general rule of *res judicata* applies to repetitious suits involving the same cause of action. It rests upon considerations of economy of judicial time and public policy favoring the establishment of certainty in legal relations. The rule provides that when a court of competent jurisdiction has entered a final judgment on the merits of a cause of action, the parties to the suit and their privies are thereafter bound 'not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose.' Cromwell v. County of Sac, 94 U.S. 351, 352, 24 L.Ed. 195. The judgment puts an end to the cause of action, which cannot again be brought into litigation between the parties upon any ground whatever, absent fraud or some other factor invalidating the judgment. * * *"

In Guettel v. United States, supra, this court states (95 F.2d at page 230):

"'The scope of the estoppel of a judgment depends upon whether the question arises in a subsequent action between the same parties upon the same claim or demand or upon a different claim or demand. *In the former case a judgment upon the merits is an absolute bar to the subsequent action.*' (Italics supplied.) Tait v. Western Maryland Railway Co., 289 U.S. 620, 623, 53 S.Ct. 706, 707, 77 L.Ed. 1405. The reason for this is that a judgment, if rendered upon the merits, is conclusive not only as to all matters which were decided, but as to all matters which might have been decided. * * *"

Among other cases holding that res judicata is an absolute bar to relitigating the cause of action are: Tait v. Western Maryland Ry. Co., supra, 289 U.S. at page 623, 53 S.Ct. at page 707; Cromwell v. County of Sac, 94 U.S. 351, 352, 24 L.Ed. 195; Bass v. United States, 8 Cir., 221 F.2d 494, 496; First National Bank of Chicago v. Commissioner, 7 Cir., 112 F.2d 260, 262; Jahncke Service, Inc. v. Commissioner, supra, 20 B.T.A. at page 849.

In our present case there can be no question but that privity exists between the petitioner and Egan, Inc. Egan was the sole stockholder of Egan, Inc. "A stockholder is so far an integral part of the corporation that, in the view of the law, he is privy to the proceedings touching the body of which he is a member." Hawkins v. Glenn, 131 U.S. 319, 329, 9 S.Ct. 739, 742, 33 L.Ed. 184; Marin v. Augedahl, 247 U.S. 142, 150, 38 S.Ct. 452, 62 L.Ed. 1038; Jahncke Service, Inc. v. Commissioner, supra, 20 B.T.A. at page 847. If Egan were living, he would be bound by the decision against the corporation. Petitioner succeeded to Egan's stock interest and received all the corporate assets upon dissolution. The petitioner does not question the fact that privity here exists between it and Egan, Inc.

We have examined the cases relied upon by the petitioner to support its contention that res judicata does not bar petitioner from relitigating the transferor's liability. We shall not attempt to discuss in detail all the cases which it cites. Utter v. Franklin, 172 U.S. 416, 19 S.Ct. 183, 43 L.Ed. 498, a suit brought on municipal bonds, was dismissed because the issuance of such bonds was not authorized by law. Later, by action of the territorial legislature and Congress, the bonds were validated. The Court held that Congress had power to validate the bonds, and that the issue of the validity of the subsequent legislation was not involved in the first suit. In West Side Belt R. Co. v. Pittsburgh Construction Co., 219 U.S. 92, 31 S.Ct. 196, 55 L.Ed. 107, plaintiff's first action was dismissed solely because plaintiff had not registered as a foreign corporation before making the contract sued upon, which fact under the existing law made the contract void. Later, state legislative action validated such contracts, and provided for their enforcement. The Court held that the legislative action revitalized the contract which had been declared invalid in the prior action. These cases are readily distinguishable from the situation we are now considering. In both of the cases just cited, there was no trial upon the merits. The cases previously cited in support of our opinion state that res judicata applies to prior judgments rendered upon the merits. Cases disposed of on technical grounds are said not to fall within this rule. See 30 Am.Jur., Judgments, § 208, p. 944; Restatement of the Law of Judgments, § 49. Our opinion in the Egan, Inc., case conclusively shows that that case was tried and decided on the merits after complete hearing. Moreover, the change in law in the cases cited by the petitioner was far more substantial than that present here. In the cited cases contracts which were void under the law existing at the time of the prior

trial had subsequently been declared valid by legislation. In our present case the basic law imposing the tax has not been changed, but only a change of procedure is provided in certain circumstances. Snyder v. Riddell, 9 Cir., 252 F.2d 23, cited by petitioner, recognizes the authorities upon which we base this opinion, but finds such authorities not applicable to the facts in the particular case. We are inclined to think that the cases relied upon by petitioner do not conflict with the principles upon which this opinion is based. To the extent, if any, that conflict exists, we feel that the cases we have cited in support of our position are controlling.

■■ We hold that the petitioner is barred by the doctrine of res judicata from relitigating the amount of its transferor's tax liability for 1948. It is conceded that the petitioner is the transferee of the assets of Egan, Inc., and that the value of the transferred assets exceeds the amount of tax claimed. The Tax Court was justified in summarily determining upon motion that the transferee was liable for the 1948 tax deficiency previously adjudicated to be due from Egan, Inc.

We agree with the Tax Court that it is not clear that section 534 represents a change in legal climate which would avoid a collateral estoppel. For a discussion of the changes made in the prior law by the 1954 Code with reference to the type of tax here involved and the legislative history in connection therewith, see Pelton Steel Casting Co. v. Commissioner, 28 T.C. 153, affirmed, 7 Cir., 251 F.2d 278. Like the Tax Court, we find it unnecessary to decide whether there has been such a change in legal climate since we are convinced that res judicata, rather than collateral estoppel, is here established. Under the authorities heretofore cited, a change in legal climate does not overcome the bar of res judicata.

The decision of the Tax Court is affirmed.