GABRIEL J. BAPTISTE, JR., TRANSFEREE, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Baptiste v. Commissioner
Docket No. 383-90.
United States Tax Court
T.C. Memo 1992-199; 1992 Tax Ct. Memo LEXIS 222; 63 T.C.M. (CCH) 2653; April 1, 1992, Filed *222 P, a beneficiary of insurance proceeds on decedent's life, was personally liable for decedent's unpaid estate tax to the extent of the value, at the time of decedent's death, of P's interest in the proceeds. Held: A final Tax Court decision deciding the amount of estate tax imposed on the transfer of decedent's estate was res judicata for purposes of determining the amount of personal liability imposed on P pursuant to section 6324(a)(2); P's personal liability under section 6324(a)(2) constitutes a liability at law for purposes of section 6901(a)(1), thereby subjecting P to the method of collection applicable in the case of transferred property. Paul J. Peter, for petitioner. William R. Davis, Jr., for respondent. WHITAKER
WHITAKER
MEMORANDUM FINDINGS OF FACT AND OPINION WHITAKER, Judge: This matter is before the Court on respondent's motion for summary judgment filed pursuant to Rule 121. [1] Respondent determined a liability against petitioner for estate tax in the amount of $ 50,000, plus interest as provided by law, as insurance beneficiary and transferee of property of the estate of Gabriel J. Baptiste, Barbara Baptiste, Statutory Executrix (hereinafter the transferor). *223 The issues presented for decision are: (1) Whether this Court's decision in Estate of Baptiste v. Commissioner, docket No. 44928-85, is res judicata as to the amount of estate tax imposed on the transfer of Gabriel J. Baptiste's estate for purposes of determining the amount of personal liability imposed on petitioner pursuant to section 6324(a)(2); and (2) whether petitioner's personal liability under section 6324(a)(2) constitutes a liability at law for purposes of section 6901(a)(1). On January 2, 1990, petitioner filed a petition with this Court contesting respondent's determined liability. On May 8, 1990, respondent filed an answer to the petition wherein respondent admitted and denied certain allegations contained in the petition. Additionally, respondent's answer set forth affirmative allegations in support of respondent's determination *224 that petitioner was liable as a transferee at law for the deficiency in estate tax due from the transferor. Petitioner did not file a reply in response to the affirmative allegations set forth in respondent's answer. On June 29, 1990, respondent filed a motion requesting that specified allegations set forth in the answer be deemed admitted. On July 3, 1990, respondent's motion was granted. The findings of fact set forth herein reflect the specified allegations deemed admitted in accordance with Rule 37(c). On December 14, 1990, respondent filed a motion for summary judgment requesting an adjudication in respondent's favor on all legal issues in controversy. In support of her motion, respondent relied on the pleadings in this case, the specified allegations deemed admitted, and the decision of this Court in Estate of Baptiste v. Commissioner, supra. On September 23, 1991, petitioner filed a brief in opposition to respondent's motion for summary judgment contending that genuine issues of material fact remain unresolved. Under Rule 121(b), summary judgment is appropriate "if the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials, *225 together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law." Zaentz v. Commissioner, 90 T.C. 753, 754 (1988); Naftel v. Commissioner, 85 T.C. 527, 529 (1985). A partial summary adjudication may be made which does not dispose of all the issues in the case. Rule 121(b). The moving party bears the burden of proving that no genuine issue exists as to any material fact and that he is entitled to judgment on the substantive issues as a matter of law. Espinoza v. Commissioner, 78 T.C. 412, 416 (1982). In deciding whether to grant summary judgment, we view the factual materials and inferences drawn therefrom in the light most favorable to the party opposing the motion. Estate of Gardner v. Commissioner, 82 T.C. 989, 990 (1984); Jacklin v. Commissioner, 79 T.C. 340, 344 (1982). Specified allegations deemed admitted in accordance with Rule 37(c), however, are conclusively established and may be relied upon by respondent even as to matters wherein respondent bears the burden of proof. Marshall v. Commissioner, 85 T.C. 267, 272-273 (1985); *226 Doncaster v. Commissioner, 77 T.C. 334, 336-338 (1981). FINDINGS OF FACT Gabriel J. Baptiste (hereinafter decedent) died on September 26, 1981. At the date of his death, decedent was a United States citizen possessing incidents of ownership with respect to certain insurance policies on his life. At the time of decedent's death, the value of the proceeds of insurance on decedent's life payable to petitioner was $ 50,000. On or about November 16, 1981, $ 50,000 was transferred to petitioner as a beneficiary of the insurance on decedent's life. On December 29, 1982, the transferor filed a United States Estate Tax Return. On September 18, 1985, respondent mailed a statutory notice of deficiency to the transferor determining a deficiency in estate tax. On December 16, 1985, the transferor timely filed a petition with this Court contesting the notice of deficiency issued with respect to the transferor's estate tax. On May 13, 1988, a decision was entered by this Court in Estate of Baptiste v. Commissioner, supra, embodying a stipulated deficiency in estate tax due from the transferor in the amount of $ 62,378.48. As of October 6, 1989, the date a statutory *227 notice of liability was issued to petitioner, the outstanding estate tax liability of the transferor, plus interest thereon as provided by law, remained unpaid. OPINION The first issue for decision is whether this Court's decision in Estate of Baptiste v. Commissioner, supra, is res judicata as to the amount of estate tax imposed on the transfer of decedent's estate for purposes of determining the amount of personal liability imposed on petitioner pursuant to section 6324(a)(2). Respondent contends that this Court's decision in Estate of Baptiste is res judicata, and petitioner contends that this Court's decision in Estate of Baptiste is not res judicata, for purposes of determining the amount of personal liability imposed on petitioner pursuant to section 6324(a)(2). The doctrine of res judicata provides that a final judgment rendered by a court of competent jurisdiction on the merits is conclusive as to the rights of the parties and their privies, and, as to them, constitutes an absolute bar to a subsequent judicial proceeding involving the same cause of action. Commissioner v. Sunnen, 333 U.S. 591, 597 (1948); Krueger v. Commissioner, 48 T.C. 824, 828 (1967). *228 It is well established that the doctrine of res judicata is applicable in the field of Federal taxation. United States v. International Building Co., 345 U.S. 502 (1953); Commissioner v. Sunnen, supra at 598; Tait v. Western Maryland Railway Co., 289 U.S. 620 (1933); Krueger v. Commissioner, supra at 830. The doctrine of res judicata is applicable when an identical issue is contested in separate proceedings arising out of a single cause of action. United States v. International Building Co., supra; Commissioner v. Sunnen, supra at 597; Krueger v. Commissioner, supra at 828. The single cause of action giving rise to these proceedings is the executrix and petitioner's respective obligation to pay, and the Commissioner's right to collect, the estate tax imposed on the transfer of decedent's estate. See Commissioner v. Sunnen, supra; Estate of Hunt v. United States, 309 F.2d 146, 148 (5th Cir. 1962). In Estate of Baptiste v. Commissioner, supra, this Court decided the amount *229 of estate tax the executor was liable for pursuant to section 2001. In this proceeding, we must decide the amount of estate tax petitioner is liable for pursuant to section 6324(a)(2). If the doctrine of res judicata is applicable to these proceedings, then this Court's determination of the amount of estate tax the executor was liable for will be controlling as to the amount of estate tax petitioner is liable for. The doctrine of res judicata applies if the following requirements are met: (1) The issue contested in both proceedings is identical; (2) the parties to the subsequent proceeding are the same as, or are in privity with, the parties to the earlier proceeding; and, (3) the earlier proceeding resulted in a final judgment on the merits. Nevada v. United States, 463 U.S. 110, 130 (1983); Federated Department Stores, Inc. v. Moitie, 452 U.S. 394, 398 (1981); Commissioner v. Sunnen, supra at 597. Each requirement for a finding of res judicata is considered below. The issue decided by this Court in Estate of Baptiste v. Commissioner, supra, and contested by petitioner in this proceeding, is the amount *230 of estate tax imposed on the transfer of decedent's estate by chapter 11 of the Internal Revenue Code. Pursuant to section 2002, the estate tax is payable by the executor of the estate. Pursuant to section 6324(a)(2), if the estate tax is not paid when due, then certain beneficiaries of the estate are personally liable for the tax to the extent of the value, at the time of the decedent's death, of any property received from the estate. Thus, the amount of an executor's liability under section 2002, and the amount of a beneficiary's liability under section 6324(a)(2), are both determined by the amount of estate tax imposed by chapter 11. Consequently, the issue decided in Estate of Baptiste, and the issue contested in this proceeding, are identical. While petitioner was not a party to the earlier proceeding, this Court has consistently found that transferors and transferees are in privity for purposes of the doctrine of res judicata. Krueger v. Commissioner, supra at 829; Estate of Egan v. Commissioner, 28 T.C. 998, 999 (1957), affd. 260 F.2d 779 (8th Cir. 1958); Jahncke Service, Inc. v Commissioner, 20 B.T.A. 837 (1930). *231 Chapter 11 imposes a tax on the transfer of a decedent's estate. Pursuant to section 2042(2), the proceeds of certain insurance on a decedent's life are included in the decedent's gross estate. Petitioner was a beneficiary of proceeds of insurance includable in decedent's gross estate. Pursuant to section 2002 and section 6324(a)(2), the executor and petitioner, respectively, are liable for the tax imposed on the transfer of decedent's estate. Thus, while the proceeds of insurance on decedent's life were not includable in decedent's probate estate, and did not literally pass from the transferor to petitioner, the transferor and petitioner were nonetheless in privity by virtue of the decedent's possession of incidents of ownership in the insurance on his life at the time of his death. Consequently, for purposes of determining the amount of tax imposed on the transfer of decedent's estate, the transferor and petitioner are in privity. See Porter v. Commissioner, 52 T.C. 515 (1969). This Court's decision in Estate of Baptiste v. Commissioner, supra, was entered pursuant to an agreement between the parties and not as a consequence of a trial on the *232 merits. Petitioner asserts that the absence of a trial or evidentiary hearing precludes our finding that the earlier decision constitutes a final judgment on the merits. While we are sympathetic to petitioner's assertion, we do not agree with it. In Krueger v. Commissioner, supra at 830, this Court held that a stipulated decision entered against a transferor estate was binding on transferees of the estate in accordance with the doctrine of res judicata. Our reasoning therein was as follows: The theory upon which the doctrine of res judicata is based is that the issue is decided after the parties have had an opportunity to raise all pertinent considerations; if the parties have agreed to waive that opportunity, there is no reason to provide them with another occasion to present additional considerations as to the merits of the issue. Furthermore, it would be a strange rule to confer upon the transferee broader rights than the transferor by allowing the transferee to relitigate an issue when a transferor is denied that privilege. Finally, the reasons for putting an end to litigation apply with equal force when transferee liability is being asserted. *233 [Krueger v. Commissioner, 48 T.C. at 830.]
The reasoning set forth in Krueger v. Commissioner, supra, is as compelling today as it was when written. Therefore, for purposes of the doctrine of res judicata, this Court's decision in Estate of Baptiste constitutes a final judgment on the merits. Finally, petitioner contends that, even if the doctrine of res judicata is otherwise applicable, principles of public policy and fundamental fairness preclude its application in this instance. Specifically, petitioner asserts that the amount of estate tax imposed on the transfer of decedent's estate was incorrect, that the bulk of the decedent's assets were located in Venezuela and were under the control of the decedent's wife, who refused to pay any portion of the estate tax imposed on the transfer of decedent's estate, and that respondent is penalizing a United States citizen while allowing a nonresident alien to go "scot-free". In Federated Department Stores, Inc. v. Moitie, 452 U.S. 394 (1981), the Supreme Court discussed the relationship between public policy and the doctrine of res judicata: The doctrine *234 of res judicata serves vital public interests beyond any individual judge's ad hoc determination of the equities in a particular case. There is simply "no principle of law or equity which sanctions the rejection by a federal court of the salutary principle of res judicata." * * * We have stressed that "[the] doctrine of res judicata is not a mere matter of practice or procedure inherited from a more technical time than ours. It is a rule of fundamental and substantial justice, 'of public policy and of private peace,' which should be cordially regarded and enforced by the court" * * * [Federated Department Stores, Inc. v. Moitie, 452 U.S. at 401; citations omitted.]
In reversing the Ninth Circuit Court of Appeals, the Supreme Court noted that the Court of Appeals' reliance on "public policy" was misplaced as the Court had long recognized that "public policy" dictates that there be an end to litigation. We consider the Supreme Court's rationale in Federated Department Stores, Inc. v. Moitie, supra, to be applicable in this instance and, therefore, to be dispositive of petitioner's contention. We have determined that the issue contested *235 in both proceedings is the same, that the transferor and petitioner are in privity, and that this Court's decision in Estate of Baptiste v. Commissioner, supra, constitutes a final judgment on the merits. Therefore, in accordance with the doctrine of res judicata, we hold that this Court's decision in Estate of Baptiste is determinative of the amount of estate tax imposed on the transfer of decedent's estate for purposes of determining the amount of personal liability imposed on petitioner pursuant to section 6324(a)(2). The final issue for decision is whether petitioner's personal liability under section 6324(a)(2) constitutes a liability at law for purposes of section 6901(a)(1), thereby subjecting petitioner to the method of collection applicable in the case of transferred property. Pursuant to section 6902, the burden of proof is upon respondent to show that petitioner is liable as a transferee of property of the decedent. Respondent contends that petitioner's personal liability as a beneficiary of the proceeds of insurance on decedent's life pursuant to section 6324(a)(2) constitutes a liability at law for purposes of section 6901(a)(1). Conversely, petitioner *236 contends that his personal liability under section 6324(a)(2) does not constitute a liability at law for purposes of section 6901(a)(1), and that the existence and extent of petitioner's liability for purposes of section 6901(a)(1) must be determined in accordance with State law. Pursuant to section 6901(a)(1), the amount for which a transferee of property is liable, at law or in equity, is to be assessed, paid, and collected in the same manner, and subject to the same provisions and limitations, as the deficiency with respect to which the liability was incurred. Section 6901 does not impose a liability for unpaid taxes upon a transferee; rather, section 6901 authorizes the assessment and collection of unpaid taxes for which a transferee is otherwise liable. Commissioner v. Stern, 357 U.S. 39 (1958). To subject petitioner to the method of collection sanctioned by section 6901, it must be shown that the estate tax was not paid when due, that petitioner is a transferee of property of the decedent, and that petitioner is liable, at law or in equity, for the unpaid estate tax. See Groetzinger v. Commissioner, 69 T.C. 309, 316 (1977). On May *237 13, 1988, a decision was entered by this Court in Estate of Baptiste v. Commissioner, supra, embodying a stipulated deficiency in estate tax due from the transferor in the amount of $ 62,378.48. The decision became final on August 11, 1988. The deficiency in estate tax remained unpaid as of October 6, 1989, when a statutory notice of liability was mailed to petitioner. Consequently, the estate tax was not paid when due. As defined in section 6901(h), the term "transferee" includes, with respect to estate taxes, any person who, under section 6324(a)(2), is personally liable for any part of the estate tax. Pursuant to section 6324(a)(2), a beneficiary who receives property included in the gross estate is personally liable for the estate tax to the extent of the value, at the time of the decedent's death, of such property. Pursuant to section 2042(2), a decedent's gross estate includes proceeds of insurance on the decedent's life if the decedent possessed, at the date of his death, incidents of ownership in the policy. At the date of his death, decedent possessed incidents of ownership in the insurance policies on his life. Therefore, pursuant to section 2042(2), the *238 proceeds of insurance on decedent's life were required to be included in decedent's gross estate. On or about November 16, 1981, $ 50,000 was transferred to petitioner as a beneficiary of the proceeds of insurance on decedent's life. Therefore, pursuant to section 6324(a)(2), petitioner is personally liable for the transferor's unpaid estate tax to the extent of $ 50,000 -- the value, at the time of decedent's death, of petitioner's interest in the proceeds of insurance on decedent's life. Consequently, in accordance with section 6901(h), and pursuant to petitioner's personal liability as a beneficiary of the proceeds of insurance on decedent's life, petitioner is a transferee of property of the decedent. Respondent contends that petitioner's personal liability under section 6324(a)(2) constitutes a liability at law for purposes of section 6901(a)(1). We agree. Section 6324(a)(2) imposes a direct and personal liability on petitioner as a beneficiary of the proceeds of insurance on decedent's life. Schuster v. Commissioner, 312 F.2d 311 (9th Cir. 1962), affg. on this issue 32 T.C. 998, 1006 (1959); Groetzinger v. Commissioner, supra, at 316. *239 Petitioner's contention that the existence and extent of his liability for purposes of section 6901(a)(1) must be determined in accordance with State law would have merit if the liability imposed on petitioner were for a deficiency in decedent's income tax, or if the proceeds of insurance on decedent's life had not been included in decedent's gross estate pursuant to section 2042. Section 6324(a)(2) only applies to the estate tax imposed by chapter 11, and to property included in the gross estate under sections 2034 to 2042, inclusive. In this instance, however, Federal law imposes a direct and personal liability on petitioner as a beneficiary of the proceeds of insurance on decedent's life. Consequently, petitioner is liable at law for the unpaid estate tax to the extent of the value, at the time of decedent's death, of petitioner's interest in the proceeds of insurance on decedent's life. Respondent has met her burden of proof in showing that the estate tax was not paid when due, that petitioner is a transferee of property of the decedent, and that petitioner is liable at law for the transferor's unpaid estate tax. Consequently, we hold that petitioner's personal liability *240 under section 6324(a)(2) constitutes a liability at law for purposes of section 6901(a)(1), thereby subjecting petitioner to the method of collection applicable in the case of transferred property to the extent of $ 50,000. Our determination regarding petitioner's personal liability under section 6324(a)(2) -- to the extent of the value, at the time of decedent's death, of petitioner's interest in the proceeds of insurance on decedent's life -- is not dispositive of the entire matter before the Court. Respondent determined a liability against petitioner for estate tax in the amount of $ 50,000 "plus interest as provided by law". Neither petitioner nor respondent has addressed the legal and factual issues raised by a determined liability for interest where the value of the property transferred to petitioner ($ 50,000) is less than the amount of the transferor's deficiency ($ 62,378.48). See Patterson v. Sims, 281 F.2d 577, 580-581 (5th Cir. 1960); Estate of Stein v. Commissioner, 37 T.C. 945, 959-960 (1962); but cf. Poinier v. Commissioner, 858 F.2d 917 (3d Cir. 1988), affg. in part and revg. in part 86 T.C. 478, 488-490 (1986). *241 Therefore, we reserve judgment as to the existence and extent of petitioner's liability for interest under both State and Federal law for the periods before and after respondent's issuance of the statutory notice of liability on October 6, 1989. [2]
In conclusion, respondent's motion for summary judgment will be granted to the extent of petitioner's personal liability under section 6324(a)(2), and respondent's motion for summary judgment will be denied (but without prejudice) to the extent of petitioner's asserted liability for interest under State and Federal law. An appropriate order will be issued. Footnotes
1. Unless otherwise indicated, all Rule references are to the Tax Court Rules of Practice and Procedure, and all section references are to the Internal Revenue Code as amended.↩
2. The Tax Court has jurisdiction over the interest liability of a transferee under section 6901. Lowy v. Commissioner, 35 T.C. 393 (1960); 508 Clinton Street Corp. v. Commissioner, 89 T.C. 352, 354↩ (1987).